## CONWAY *v.* STANNARD.

Under the fifteenth section of the act of July 18th, 1866 (14 Stat. at Large, 180), providing for the sale of unclaimed perishable property, or property the expense of keeping which would reduce the proceeds of sale (as *ex. gr.*, horses), of less value than $500, used in smuggling goods into the United States, the collector need not give the twenty days allowed by previous sections in the case of like property, non-perishable, for the

claimant to prefer his claim to it, and allow fifteen days' notice of sale, but may publicly advertise it for sale at once, on seizure, and proper certificate by appraisers of its value and character, and, after not less than one week's notice, may sell it.

ON certificate of division between the judges of the Circuit Court for the District of Vermont; the case being thus:

Before the act of July 18th, 1866,* was passed it was necessary, in all cases of seizure of property for violation of the revenue laws, to institute proceedings in court for its condemnation.

The statute referred to effected a change in the mode of proceeding where the property in question did not exceed in value $500, and provided a way in which the title of the owner could be divested without enforcing the forfeiture in court.

By the eleventh section the seizing officer was required, after having caused the property to be appraised, to give notice for three successive weeks, describing the property, stating the time, place, and cause of seizure, and requiring any person claiming it to appear and file his claim with the collector *within twenty days* from the first publication of such notice.

By the twelfth section, if a claimant appeared within the time prescribed, *i. e.*, within twenty days from the first publication of this notice, filed his claim with the collector, and gave proper bond, the forfeiture had to be enforced in the proper court as in cases exceeding $500 in value. But if no claimant appeared within that time the officer was directed to advertise the property for sale, giving *not less than fifteen days' notice of sale,* and to deposit the proceeds of sale in the treasury. By the thirteenth section it was enacted that if it should happen that the owner, notwithstanding the publicity given to the transaction, did not know of the seizure and sale, and was not guilty of any intentional fraud on the revenue, the Secretary of the Treasury, on satisfactory proof of these facts, within three months from the deposit of the

* 14 Stat. at Large, 180.

money, might remit the forfeiture and restore the proceeds of sale.

The fifteenth section of the act—the section on which the dispute in this case turned—requires the officer, if the property, being of less value than $500, shall be certified on oath by the appraisers, in their belief, to be liable to perish or deteriorate by keeping, or cannot be kept without disproportionate expense, "*and when no claim shall have been interposed therefor as hereinbefore provided,*" to advertise that he had seized and would sell it, giving not less than *one week's* notice of such seizure and intended sale.

This act of 1866 being in force, Stannard, as an officer of the customs for the district of Vermont, on the 14th of January, 1868, seized the *horses,* harness, and sleigh of one Conway, as being engaged in smuggling goods from Canada. He caused the property to be appraised immediately, and the appraisers finding it worth $191, and no claim being interposed, and the appraisers certifying their belief on oath that it was liable to speedy deterioration by keeping, and that the expense of keeping it would largely reduce the net proceeds of the sale of it, the collector gave public notice on the 15th that he would sell it on the 29th following, and accordingly did sell it on the said 29th of January; that is to say, without allowing Conway twenty days from the notice of seizure within which to prefer his claim. The proceeds were paid into the treasury.

Hereupon Conway brought trespass *de bonis asportatis,* in the court below, for taking and carrying away the horses, &c.

The collector pleaded the facts as above given.

The plaintiff demurred to the plea, and the opinion of the judges being opposed upon the question whether the plea was a bar to the action, the question was certified for decision here.

*Mr. L. P. Poland, for the plaintiff, and in support of the demurrer :*

The substantial effect of a seizure and sale of property under the provisions of the act of 1866, is to deprive the

owner of his property without any judicial determination against him, or against his property. He may, indeed, within three months, at his own cost and expense, appeal to the clemency or discretion of the Secretary of the Treasury, but all legal intendments and presumptions are against him; the burden of proof is thrown upon him, to show that his property was not forfeited, or that the violation of law was unintentional; and even this will not suffice, unless he also prove that he had no knowledge of the seizure.

The proceeding is far more *in invitum* than those usually so characterized,—tax sales, or sales on execution, and the like. The notice by publication is all the notice that the owner of the property is required to have before he is deprived of his property by an official and quasi judicial sale.

This mere statement of the statute, and of its severe penal consequences, is enough to show that every requirement of it should be strictly observed.

Now, by the fifteenth section, the owner is expressly given twenty days within which to file his claim and bond, and thus entitle himself to a legal trial before he is deprived of his property. The section enacts that if the appraisers certify that the property is perishable, or cannot be kept without disproportionate expense, " AND WHERE NO CLAIM SHALL HAVE BEEN INTERPOSED THEREFOR, AS IS HEREINBEFORE PROVIDED," then the officer may proceed to advertise and sell the property, and shall at such time as he thinks reasonable, BUT NOT LESS THAN ONE WEEK. These are absolute and indispensable conditions required by the law, before the seizing officer has any authority to even advertise the property for sale, and so absolutely essential are they for the protection of the owner that they cannot be disregarded.

In the present case the defendants utterly disregarded these provisions, and proceeded to advertise the property for sale on the next day after seizing it, without notice to the plaintiff and without opportunity to assert his claim. The case then is that of an officer who has neglected to perform an act legally required as preliminary to a sale. And for this violation of law—wanton and flagrant in this case—

all the authorities, from the *Six Carpenters' Case*\* to this time,† make the defendant a trespasser *ab initio* and liable in trespass for the property.

But under any circumstances the plea is no bar.

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

It is conceded by the demurrer that the property was subject to forfeiture, but the counsel for the plaintiff insists that the officer sold it before, by law, he had a right to do so, and that this act makes him liable as a trespasser *ab initio.* It is unnecessary to consider the last point, because, in our opinion, the seizing officer observed the requirements of the statute on this subject, and is, therefore, protected from suit.

It is further insisted, on the part of the plaintiff, that he was allowed by the terms of the section twenty days from notice of seizure within which to prefer his claim, and as this condition was violated by the officer making the sale, the plea is not a bar to the action. This construction is more plausible than sound. It cannot be adopted, because it is inconsistent with other positive directions, about which there is no controversy, and would, besides, defeat the manifest purpose that Congress intended to accomplish by this legislation.

This section is the last of the series concerning the seizure and sale of property worth less than $500. The sections which precede it apply to property generally of this limited value, while this affects property of the same value, but of a

---

\* 1 Smith's Leading Cases, 274, 7th American edition, and notes; reported originally in 8 Reports, 432, 146\*.

† Purrington *v.* Loring, 7 Massachusetts, 388; Pierce *v.* Benjamin, 14 Pickering, 356; Smith *v.* Gates, 21 Id. 55; McGough *v.* Wellington, 6 Allen, 505; Blake *v.* Johnson, 1 New Hampshire, 91; Barrett *v.* White et al., 3 Id. 210; Ferrin *v.* Symonds, 11 Id. 363; Cate *v.* Cate, 44 Id. 211; Sutton *v.* Beach, 2 Vermont, 42; Stoughton *v.* Mott, 13 Id. 175; Bond *v.* Wilder, 16 Id. 398; Lamb *v.* Day et al., 8 Id. 407; Briggs *v.* Gleason, 29 Id. 78; Hall *v.* Ray, 40 Id. 576.

perishable nature.   The scheme adopted for the condemnation of property of this limited value, without a resort to the courts, could not be complete unless it embraced property liable to deteriorate, as well as that which was not of this character.   And of necessity, the provisions for the condemnation of both could not be the same.   Perishable property ought to be speedily sold, while property not in this condition could not be injured by delay.   The statute recognizes this difference, and provides for it.   In the case of property not perishable—doubtless, supposed to be the kind which would usually come under condemnation—the first step to be taken is to give notice of the seizure, which is to be continued for three successive weeks.   If the owner appears in twenty days from the first publication of this notice, he can put a stop to the summary proceeding.   If he does not appear, the property is to be advertised for sale on notice of not less than fifteen days.   And he is turned over to the Secretary of the Treasury for remission of the forfeiture, if he has suffered injustice at the hands of the government.

The requirements concerning the disposition of perishable property are very different.   In the first place, no separate notice of seizure is exacted of the officer, but the notice of seizure is to go out with the notice of sale.   This provision shows that it was intended to hasten the sale of this kind of property; and it is clear that this object could not be attained if the officer had to publish a preliminary notice of seizure, wait twenty days for any one interested to prefer a claim, and then advertise and sell.   Before all this could be done, the property might become worthless.   At any rate, the longer the delay the greater the deterioration; and in recognition of this fact, the officer is authorized to sell property in this predicament in a week, if he thinks proper to do so; while, as we have seen, he is estopped from selling property not in this condition until the expiration of thirty-five days from the publication of notice of seizure.   In the latter case, the owner can have twenty days to file his claim, and yet the officer can discharge his duty under the law; in

the former he cannot enjoy this privilege and the officer be allowed to exercise his discretion to sell the property after a week's notice.

The two things cannot coexist, nor is Congress chargeable with such loose legislation, for the condition can be construed so as to harmonize all parts of the section, and thereby secure an effective system for the speedy disposition of property subject to forfeiture, of less value than $500, whether perishable or not.

It is argued that the words "as hereinbefore provided" control the condition, and make it broad enough to embrace everything secured on this subject in a previous part of the statute. This result by no means follows. The words, it is true, are general, but they necessarily refer to the manner of making the claim as previously directed, and not to the time within which the claimant of property, not perishable, could interfere.

The twelfth section pointed out the way in which the party interested had to proceed in order to arrest the sale of his property. He must file his claim with the officer, state the nature of it, and give bond with certain conditions. If these things were done, the summary proceeding was stopped, and the district attorney authorized to proceed to condemn the property in the ordinary mode prescribed by law.

By the fifteenth section, the owner of perishable property was informed that if he interposed and perfected his claim in the same way, the same consequences would follow. If he did not choose to do this, the officer was directed, without any loss of time, to advertise and sell his property, leaving him, in case of injury, to seek redress at the hands of the Secretary of the Treasury.

This is the scope and extent of this section. On this theory of construction the plan adopted for the sale of perishable property can be made to work effectively. On the theory advanced by the plaintiff, it is practically inoperative.

It follows, from these views, that the demurrer to the special plea in bar should have been overruled, and that,

therefore, the question certified by the judges below must be

ANSWERED IN THE AFFIRMATIVE.