**UNITED STATES of America,
Libellant,**

v.

**EIGHT BALES #S I.J.K. 1/8 Strapped
Sealed—Said to Contain 13,076
RAW MINK SKINS.**

United States District Court
S. D. New York.
March 12, 1964.

426

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, Stephen Charnas, Asst. U. S. Atty., New York City, of counsel, for libellant.

Norman Katz, New York City, for claimant.

SUGARMAN, District Judge.

Claimant moves

"1. To dismiss the libel on the ground that the court lacks jurisdiction because the libellant has failed to comply with the provisions of Title 19, United States Code, Sections 1607 and 1608.

"2. To dismiss the libel on the ground that pursuant to the provisions of Title 19, United States Code, Sections 1514 and 1515, a timely protest has been filed to the decision of the Collector of Customs in excluding the delivery of the merchandise in question to the claimant and that exclusive jurisdiction of the subject matter and basic issues of said protest and the instant libel is within the United States Customs Court pursuant to the provisions of Title 28, United States Code, Section 1583."

██ Claimant's motion will be treated as an exception and the matters submitted in support of the motion as exceptive allegations to the libel. Murray v. The Meteor, 93 F.Supp. 274 (E.D.N.Y. 1950).

[2] For the purposes of the present consideration claimant admits all facts well pleaded in the libel. United States v. Cargo etc. ex British Schooner Patara, 40 F.2d 74 (E.D.N.Y.1930).

The libel seeks condemnation of 8 bales containing 13,076 raw mink skins because the skins

"were imported into the United States under Consumption Entry No. 301370 in violation of Title 18, United States Code, Section 542 and in violation of Title 19, United States Code, Section 1592, in that said consumption entry falsely listed the country of origin of said articles as Sweden and in that said consumption entry falsely listed the said articles as 4 bales supposedly containing 5,040 pieces of raw mink skins."

Consumption Entry No. 301370 was dated July 9, 1963 and it is alleged in the libel that the goods were seized on or about July 19, 1963.

Title 18 U.S.C. § 542 inter alia makes it a crime to attempt to or to enter or introduce any goods into the commerce of the United States by means of any fraudulent or false written statement, regardless of whether the government may thereby be deprived of duty thereon. The section states that it shall not be construed to relieve the goods from forfeiture under other laws.

Title 19 U.S.C. § 1592 inter alia makes goods attempted to be or entered or introduced into the commerce of the United States by means of any false written statement subject to forfeiture regardless of whether the government may be deprived of any duty thereon. The allegations of the false statements as to quantity and country of origin being accepted as true, as aforesaid, justify the agent's seizure of the goods. Title 19 U.S.C. § 1602.

The libel also alleges that the goods were valued at more than $2500, an allegation which if accepted as true would justify the collector's procedure of referring the matter to the United States

Attorney for institution of this suit. Title 19 U.S.C. § 1610.

However, Title 19 U.S.C. § 1607 provides a summary procedure for forfeiture of goods valued not in excess of $2500 and further provides that the value of goods, the importation of which is prohibited shall, regardless of actual value, be held not in excess of $2500.

The libel also alleges that importation of these skins is prohibited by (a) Title 19 U.S.C. § 1367 and (b) Proclamation No. 2935 and Trade Agreement Letter of November 23, 1951 (note to Title 19 U.S.C.A. § 1362) and (c) Trade Agreement Letter of January 17, 1953, 18 F.R. 593, all forbidding the importation of mink skins from the Soviet Union and that these skins are such.

## I.

Claimant argues that because it is alleged that the goods emanated from the Soviet Union they must be held valued not in excess of $2500 and thus subject *only* to the summary procedure of Title 19 U.S.C. § 1607, a method obviously not employed by the collector, the absence of which, claimant contends, deprives this court of jurisdiction.

The issue must be decided as though the seizure was for false statements made in the importation of goods valued at not in excess of $2500 and the allegation of the libel of their higher value ignored.

The summary method of forfeiture allowed by Title 19 U.S.C. § 1607 is designed to obviate the expense and delay of condemning goods of small value. Conway v. Stannard, 17 Wall. 398, 84 U.S. 398, 21 L.Ed. 649 (1873). Instead of referring the matter to the United States Attorney for a plenary proceeding as in admiralty for condemnation, the collector is empowered to summarily dispose of the goods by sale after publication of notice of the seizure thereof. However, if a claim is filed and bond for costs given, the summary procedure is automatically stopped and the matter referred to the United States Attorney for condemnation in the usual manner. Title 19 U.S.C. § 1608; Title 28 U.S.C. §§ 1355, 2461(b).

■ A literal reading of 19 U.S.C. § 1607 that "the collector *shall* cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published" would seem to support the claimant's contention that such method as to goods defined therein is singular. However, in the absence of a clear showing that Congress meant the summary method in such cases to be mandatory and to foreclose the continued use of the traditional method, employed by the collector here, I am constrained to read the statute as being merely permissive. Cairo & F. Railroad Company v. Hecht, 95 U.S. 168, 24 L.Ed. 423 (1877).

■■ The scheme of the statute is that where the collector employs the summary method and publishes the notice of seizure and the requisite claim and bond are filed, the parties are resorted to the traditional plenary suit as in admiralty for the condemnation of property. Where, as here, the collector does not employ the summary method of forfeiture and sale but employs the plenary method of suit for condemnation, no prejudice is visited upon a claimant who then need not file his claim and bond until the action is commenced, as was done by claimant here. Thus no right or benefit to the claimant requires giving Title 19 U.S.C. § 1607 an imperative rather than a permissive construction. Ballou v. Kemp, 68 App.D.C. 7, 92 F.2d 556 (1937).

The history of the last sentence of Title 19 U.S.C. § 1607 requires no different result. The provision that "merchandise the importation of which is prohibited shall be held not to exceed $2,500 [$1000] in value" first came into the section by act of June 17, 1930, c. 497, Title IV, § 607, 46 Stat. 754, the Tariff Act of 1930. The report of the Committee on Ways and Means of the House of Representatives (Rep. # 7, 71

Cong. I Sess. to accompany H.R. 2667)[1] insofar as it dealt with section 607 of the Tariff Act of 1930 is set forth in the margin. The amendment was not mentioned in the report of the Committee on Finance of the Senate (Rep. # 37, 71 Cong. I Sess.) and, unless it escaped my notice, was not debated in either the House or Senate. Accordingly, the Congress is assumed to have accepted *sub silentio* the reason for the amendment given in the House report. Nothing in that report manifests a clear Congressional intent that the summary method is mandatory as to goods valued at less than $2500 or the importation of which is prohibited.

Title 19 U.S.C. § 1607 was last amended to increase the stated amount from $1000 to $2500 by act of September 1, 1954, c. 1213, Title V, § 506, 68 Stat. 1141, the Customs Simplification Act of 1954. The Senate and House reports, 1954 U.S.Code Congressional and Administrative News, 83 Cong. II Sess., p.

3907, insofar as they dealt with the change in section 607 of the Tariff Act of 1930 are set out in the margin.[2] Here, permissive rather than mandatory employment of the summary forfeiture is indicated.

## II.

On October 17, 1963 the collector advised claimant that

"The merchandise was seized under the provisions of U.S.Code, Title 18, Section 545 (18 U.S.C. § 545) and under the provisions of that section of law is subject to forfeiture."

On December 3, 1963, after the filing of the libel herein, claimant wrote the collector:

"Protest is hereby made from the decision of the Collector excluding the merchandise imported * * * from entry or delivery as being imported contrary to law, and, *on information and belief*, specifically in violation of the prohibition set forth

1. "SECTION 607. SEIZURE AND FORFEITURE—VALUE $1,000 OR LESS

"Under the 1922 Act two methods of procedure are provided in the case of merchandise subject to seizure and forfeiture for violation of the customs laws. Section 607 provides that if the value of the merchandise does not exceed $1,000 the collector shall publish notice of the seizure and intention to forfeit and sell. Under section 608 any person claiming an interest in the merchandise may within a limited time from the date of publication file a claim with the collector stating his interest. Upon the filing of such a claim and the giving of a cost bond, the collector is required to transmit the matter to the United States district attorney for judicial condemnation. By the provisions of section 609 if no such claim is filed or bond given within the time prescribed the collector summarily declares the merchandise forfeited and proceeds to sell the same at public auction.

"Section 610 provides that if the value of the merchandise is more than $1,000 judicial condemnation must in any case be resorted to.

"The above provisions apply to merchandise the importation of which is prohibited, as well as to merchandise seized for other reasons. However, in the case of prohibited merchandise, it is unusual to

find anyone claiming an interest therein, and even where the value is more than $1,000, a court proceeding for condemnation seems to serve no useful purpose. Moreover, some delay is always involved in this method of forfeiture and the Government is put to considerable expense in storing and caring for the merchandise pending the action of the court.

"Your committee has, therefore, incorporated in the bill, as an amendment to section 607, a provision that all merchandise, the importation of which is prohibited, shall be held not to exceed $1,000 in value. This, it is believed, will simplify administration in many cases. In view of the provisions of section 608 above referred to, any party claiming an interest in the merchandise may, if he desires, require a judicial condemnation and thus protect any legitimate interests he may have."

2. "*Section 506*

"Section 506 of the bill would amend sections 607, 610, and 612 of the Tariff Act U.S.C., 1952 edition, title 19, secs. 1607, 1610, and 1612) so as to permit summary forfeiture and disposition of seized property valued at not in excess of $2,500. Under existing law, summary forfeiture is permitted only in cases involving not in excess of $1,000."

in T.D. 52877 * * *." (Emphasis supplied.)

The claimant's protest upon its face "on information and belief" assumes the seizure to have been predicated by the collector on T.D. 52877 which is the Trade Agreement Letter of November 23, 1951 set forth as stated supra as a note to Title 19 U.S.C.A. § 1362, which forbids the importation of mink skins from the Soviet Union.

While such prohibited importation would be one "contrary to law" under the second paragraph of Title 18 U.S.C. § 545 the libel, filed as aforesaid on November 18, 1963 and of which claimant had notice when it wrote the protest of December 3, 1963 (it having procured its stipulation for costs on November 27, 1963) indicated that the seizure was for the making of a false or fraudulent paper, i. e., the "consumption entry falsely listed the country of origin of said articles" and the quantity of skins involved, in violation of Title 18 U.S.C. § 542, and that the proceeding was brought pursuant to Title 18 U.S.C. § 545.

The fact that the collector cited only Title 18 U.S.C. § 545, whereas the libel cited Title 18 U.S.C. § 542 in addition to Title 18 U.S.C. § 545, is immaterial because both deal with the entry of goods by means of a false or fraudulent writing.

While it is true that the United States Customs Court has exclusive jurisdiction under Title 28 U.S.C. § 1583 "to review on protest the decisions of any collector of customs * * * excluding any merchandise from entry or delivery" if properly prosecuted, that is not the issue tendered here.

■■ The District Court by exercising its original jurisdiction of enforcement of forfeitures under Title 28 U.S.C. §§ 1355 and 2461 does not intrude upon the exclusive jurisdiction of the Customs Court to review the decision of a collector of customs. In determining in a District Court whether a statement in a customs document as to the country of origin of an allegedly prohibited importation is false the same proof may be necessary as in a Customs Court in reviewing a denial of entry and delivery of goods as emanating from a country from which importation is forbidden. Just as a Customs Court is without jurisdiction of the subject matter of a forfeiture, Sheldon & Co. v. United States, 8 Ct.Cust.App. 215 (1917), a District Court is without jurisdiction to review a collector's exclusion order. But each is a separate and distinct proceeding.

The claimant's exceptions are overruled and claimant shall answer within twenty days.

It is so ordered. No further order is necessary.