**In the Matter of the Petition of Esther FRIMET, for the recovery of a white Ford Galaxy, bearing New York State License # MF 6703—1969, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. M–18–65.**

United States District Court
S. D. New York.
June 23, 1969.

Gordon & Rosenberg, New York City, for petitioner.

Robert M. Morgenthau, U. S. Dist. Atty., Foley Square, N. Y., by Michael C. Silberberg, Asst. U. S. Atty., for respondent.

## MEMORANDUM

LASKER, District Judge.

Petitioner, Esther Frimet, is the owner of a white Ford Galaxy automobile, bearing New York State License #MF 6703-1969. On May 22, 1969, petitioner's automobile was seized by agents of the United States Secret Service for violation of 49 U.S.Code § 781 (a) (3). The automobile is now in the custody of the Regional Commissioner of Customs for the Port of New York, and forfeiture proceedings have been instituted pursuant to 49 U.S.C. § 782. Petitioner makes this petition "for an order declaring unreasonable, illegal and void the seizure" of the car.

Petitioner claims that the seizure of the automobile resulted from the arrest of her husband, Philip Frimet, who had borrowed the automobile on the morning of May 22, 1969. It is petitioner's contention that, prior to her husband's arrest, he had rented a station wagon which was evidently used in perpetrating the alleged crime. Petitioner argues that the white Ford Galaxy was not a part of an illegal transaction concerning contraband and not within the purview of 49 U.S.C. § 781(a) (3). The automobile having been seized against petitioner's will, this court is asked to declare the seizure unreasonable, illegal and void.

The vehicle at issue was appraised at less than $2,500, and in such a case, the Regional Commissioner of Customs is authorized to initiate an administrative procedure to forfeit the vehicle. 19 U.S.C. § 1607. Petitioner's remedy in contesting the forfeiture is set forth in 19 U.S.C. § 1608 as follows:

"Any person claiming such * * * vehicle * * * may at any time within twenty days from the date of the first publication of the notice of seizure file with the collector a claim stating his interest therein. Upon the filing of such claim, and with the giving of a bond to the United States in the penal sum of $250, with sureties to be approved by the collector, conditioned that in case of condemnation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation, the collector shall transmit such claim and bond, with a duplicate list and description of the articles seized, to the United States Attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law."

By giving a bond, as required by the above quoted statute, petitioner will be

able to stop the summary forfeiture proceedings. 19 C.F.R. § 23.13(b). While such action does not entitle petitioner to possession of the property, it does require the collector to report the case to the United States Attorney (19 C.F.R. § 23.21(c)), who will proceed with condemnation in the usual manner, that is, by the institution of a judicial forfeiture proceeding.[1] United States v. Eight Bales #S.I.J.K., 227 F.Supp. 425 (S.D. N.Y., 1964). As Judge Sugarman pointed out in that case (at 427):

> "The summary method of forfeiture allowed by Title 19 U.S.C. § 1607 is designed to obviate the expense and delay of condemning goods of small value. Conway v. Stannard, 17 Wall. 398, 84 U.S. 398, 21 L.Ed. 649 (1873). Instead of referring the matter to the United States Attorney for a plenary proceeding as in admiralty for condemnation, the collector is empowered to summarily dispose of the goods by sale after publication of notice of the seizure thereof. However, if a claim is filed and bond for costs given, the summary procedure is automatically stopped and the matter referred to the United States Attorney for condemnation in the usual manner. Title 19 U.S.C. § 1608; Title 28 U.S.C. §§ 1355, 2461(b)."

In such a judicial proceeding, petitioner may contest the validity of the seizure. Petitioner must follow the procedures established by 19 U.S.C. § 1608 in order to secure the return of her car. Bonavitacola v. United States, 135 F.Supp. 488 (E.D.Pa., 1955). As the court pointed out in Bonavitacola v. United States, supra at 491:

> "The Federal Courts have regularly held that a claimant of seized property in petitioner's position must follow those procedures established by Sections 602 to 624 of the Act of June 17, 1930, c. 497, Title IV, 46 Stat. 754–759, 19 U.S.C.A. §§ 1602–1624, in order to secure the return of her car. United States v. Kemp, 10 Cir., 1951, 186 F.2d 808; United States v. Heckinger, 2 Cir., 1947, 163 F.2d 472; United States v. One 1946 Plymouth Sedan, D.C.E.D.N.Y.1946, 73 F.Supp. 88. The last two cases state that a Federal District Court may not release the seized vehicle even though petitioner posts a bond in the amount of the appraised value of the car."

See also Milkint v. Morgenthau, 92 F.2d 266 (4th Cir., 1937).

In view of the above, the court holds that it lacks jurisdiction to declare the seizure "unreasonable, illegal and void." Accordingly, petitioner's motion is denied.

It is so ordered.

---

1. Petitioner has, in addition, the administrative remedy of petitioning the Secretary of the Treasury for the remission or mitigation of the forfeiture. 19 U.S.C. § 1618.