**Arthur T. BRAMBLE, Plaintiff,**

v.

**Richard KLEINDIENST, Attorney General of the United States of America, and John E. Ingersoll, Director of the Bureau of Narcotics and Dangerous Drugs, an Agency of the Department of Justice of the United States of America, Defendants.**

**Civ. A. No. C–4549.**

United States District Court,
D. Colorado.

March 30, 1973.

See also D.C., 357 F.Supp. 1028.

Blewitt, Bisbee & Geil by John H. Bisbee, Boulder, Colo., for plaintiff.

James L. Treece, U. S. Atty., and Pepe J. Mendez, Sp. Asst. U. S. Atty., Denver, Colo., for defendants.

Before DOYLE, Circuit Judge, and WINNER and FINESILVER, District Judges.

PER CURIAM.

In his complaint plaintiff seeks a declaratory judgment that the statutory scheme here involved [1], which authorizes summary seizure of property used in violation of the law and under which his automobile was seized, is unconstitutional on its face. He further seeks injunctive relief. The sole issue which the plaintiff argued at the trial was the constitutionality of the statute on its face.

On the motion of plaintiff, a three-judge court was convened pursuant to 28 U.S.C. § 2284. A hearing has been held, and the three-judge panel is of the opinion that the federal question here posed as a basis for the three-judge court is insubstantial; that the case is not properly cognizable by a three-judge court; and that the three-judge panel should be dissolved and the matter referred to Judge Winner, the District Judge to whom the case was first assigned for disposition.

On April 6, 1972, the plaintiff was arrested by officers of the State of Colora-

---

[1]. 21 U.S.C. § 881(b)(4) provides in relevant part:

Any property subject to forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when—

(4) the Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this subchapter.
In the event of seizure pursuant to paragraph (3) or (4) of this subsection, proceedings under subsection (d) of this section shall be instituted promptly.

do and the City of Boulder on a charge of possessing for sale a narcotic drug, marijuana. On the date of his arrest, federal agents of the Bureau of Narcotics and Dangerous Drugs seized plaintiff's 1969 Volkswagen automobile, Motor Number 45760000, Serial Number 119757754, on the grounds that the automobile had been used in violation of 21 U.S.C. § 881.[2] However, plaintiff was not prosecuted. The District Attorney of the Twentieth Judicial District of the State of Colorado deferred the plaintiff's prosecution for a period of one year running to August 17, 1973. The condition is that if the plaintiff successfully completes the one year probationary period, the state's charges will be dismissed.

Under 19 U.S.C. § 1618, the plaintiff pursued a statutory remedy in an attempt to regain possession of his automobile. He petitioned the Attorney General of the United States through his appointed agent, the Director of the Bureau of Narcotics and Dangerous Drugs, for remission and mitigation of the forfeiture perfected pursuant to 21 U.S.C. § 881(b)(4). This petition was denied as was a subsequent petition for reconsideration.

 The plaintiff was relegated to his petition for remission and mitigation as a result of his bypass of other statutory remedies. 19 U.S.C. § 1607 authorizes the customs officer to initiate an administrative procedure to summarily forfeit a vehicle the value of which is less than $2,500. Plaintiff's statutory remedy (which he waived) allowing him to contest the forfeiture is set forth in 19 U.S.C. § 1608:

> Any person claiming such . . . vehicle . . . may at any time within twenty days from the date of the first publication of the notice of seizure file with the appropriate customs officer a claim stating his interest therein. Upon the filing of such claim, and the giving of a bond to the United States in the penal sum of $250, with sureties to be approved by such customs officer, conditioned that in case of condemnation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation, such customs officer shall transmit such claim and bond, with a duplicate list and description of the articles seized, to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law.

If the bond is posted, the summary forfeiture proceeding is halted. The case is then reported to the United States Attorney who is required to institute a judicial forfeiture proceeding.[3] As noted, plaintiff did not pursue this remedy which would have given him a judicial hearing. The reason that he eschewed it, according to his argument in open

---

2. Approximately three months after the state arrest, the plaintiff was arrested pursuant to a federal indictment charging him with illegal importation of marijuana and possession with intent to distribute marijuana. Subsequently, the charge of illegal importation was dismissed by the United States Attorney in consideration for the plaintiff's pleading guilty to possession. The federal charges were not connected with the state charges which led to the forfeiture of the plaintiff's automobile.

3. As was stated in United States v. Eight Bales No. S.I.J.K., 227 F.Supp. 425, 427 (S.D.N.Y.1964):
The summary method of forfeiture allowed by Title 19 U.S.C. § 1607 is designed to obviate the expense and delay of condemning goods of small value. Conway v. Stannard, 17 Wall. 398, 84 U.S. 398, 21 L.Ed. 649 (1873). Instead of referring the matter to the United States Attorney for a plenary proceeding as in admiralty for condemnation, the collector is empowered to summarily dispose of the goods by sale after publication of notice of the seizure thereof. However, if a claim is filed and bond for costs given, the summary procedure is automatically stopped and the matter referred to the United States Attorney for condemnation in the usual manner.

court, is that he did not dispute that the officers had probable cause to believe the property had been used in violation of the federal narcotics laws. Thus, he argues that the only avenue open to him was the present broadside attack on the constitutionality of the statute itself. We disagree with this analysis because the general rule is that an acquittal in the criminal case that is the basis for the forfeiture bars the forfeiture, and

> it has been held that the same effect follows even though there was no formal acquittal, where the criminal prosecution amounted to a decision against the prosecution upon some issue essential to the entry of a judgment of forfeiture. However, although a claimant escaped without a conviction in a prior criminal proceeding involving the same transaction involved in the forfeiture proceeding, the latter action will not be barred if the criminal trial did not place the claimant in jeopardy, nor amount to a decision upon the essential issues in forfeiture.

36 Am.Jur.2d, Forfeitures and Penalties § 34. United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); United States v. Edwards, 368 F.2d 722 (4th Cir. 1966), and United States v. One Ford Fairlane Tudor Sedan, Motor No. M6ET100140, 272 F.2d 704 (10th Cir. 1959) are to the same effect. In the case at bar it is at least arguable that a deferred prosecution is to be equated with an acquittal in legal effect. Therefore, plaintiff could have pursued the statutory remedy, and had he done so he could have advanced a tenable legal argument for voiding the forfeiture.

The Supreme Court in United States v. U. S. Coin & Currency, *supra,* has also recognized that the forfeiture procedure is dependent on conviction in the criminal case. Furthermore, the Supreme Court in *U. S. Coin & Currency* has upheld the general validity of the statute.

In view then of the fact that the statutes are valid and that there does not exist even a fighting issue as to their invalidity on their face, we conclude that the convening of the three-judge court was improper and that the cause is properly to be determined by a one-judge district court. It is therefore

Ordered that the case be submitted to Judge Winner for further proceedings.