**Barbara PEREZ, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 92 Civ. 7727(MEL).**

United States District Court, S.D. New York.

Dec. 20, 1993.

filed prospectus in connection with a motion to     dismiss).

Gerst, Konigsberg, & Levin, Garden City, NY, for plaintiff; Kelly Foley, of counsel.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City, for defendant; William J. Hoffman, Asst. U.S. Atty., of counsel.

## OPINION

LASKER, District Judge.

Barbara Perez sues the United States to recover items of jewelry seized from her apartment by Drug Enforcement Administration ("DEA") agents, and for damages. Perez alleges three causes of action: replevin, conversion and liability under the Federal Tort Claims Act. The Government moves to dismiss the suit on the grounds of lack of subject matter jurisdiction and failure to state a claim and, in the alternative, moves for summary judgment.

### I.

On October 22, 1991, Barbara Perez's apartment was searched by DEA agents in a pre-dawn raid of several suspected drug distribution sites used by convicted drug dealer David Claudio, the boyfriend of Perez's sister. During the raid, numerous items were taken from Perez's apartment, including jewelry valued at $9,520.

On November 18, 1991, a Notice of Seizure was issued by the DEA and, according to the Government, was sent to Perez by certified mail. However, the Government has not produced a signed receipt. The Notice, in bold type, detailed two procedures for seeking release of seized property: to request remission or mitigation of the forfeiture, a claimant must submit a petition for "remission or mitigation" to the DEA within 30 days of the Notice of Seizure; in addition to or in lieu of the petition, a claimant may contest the forfeiture in the United States District Court by filing a claim of ownership and a cost bond, in the amount of 10 percent of the value of the items seized, with the DEA within 20 days of the publication of the Notice of Seizure in a specified newspaper. The DEA is required by law to publish its intention to forfeit property. 21 C.F.R. § 1316.75 (1993).

The DEA also mailed a copy of the Notice of Seizure to David Claudio in fulfillment of its legal requirement to notify anyone who may have a claim to the seized property. The Government produced a signed receipt as proof that Claudio received the Notice.

Pursuant to 21 C.F.R. § 1316.77(a),[1] on January 2, 1992, the DEA issued a Declaration of Forfeiture on the ground that no claimant had contested the forfeiture.

In her affidavit opposing the present motion, Perez states that she did not receive a copy of the Notice of Seizure until May 1992, when Claudio forwarded to her the copy he had received. During the first week of June, Perez brought the Notice to Barry Levin, Claudio's attorney.

On June 24, 1992, Levin submitted a letter to DEA petitioning the return of Perez's property, but did not file a notice of claim and a cost bond to contest the forfeiture in the United States District Court.

On July 29, 1992, DEA denied Perez's petition as untimely and notified her that the property had already been disposed of pursuant to 21 C.F.R. § 1316.80(a), which authorizes the placement of property "in official service or sold as soon as it is forfeited."

On October 21, 1992, Perez filed this action. She seeks the return of her property or $50,000 in compensation for the value of the property if it cannot be returned. She also sues for damages under the Federal Tort Claims Act.

The Government moves to dismiss on the grounds that (1) Perez failed to file a notice of claim and cost bond and cannot now sue in

---

1. Section 1316.77(a) provides in relevant part: "For property seized by officers of the Drug Enforcement Administration, if ... a claim and bond are not filed within the 20 days hereinbefore mentioned, the DEA Special Agent-in-Charge or DEA Asset Forfeiture Section shall declare the property forfeited."

district court, and (2) the Federal Tort Claims Act does not authorize suits for claims based on the detention of property by law enforcement officers.

## II.

■ Perez's property was seized pursuant to 21 U.S.C. § 881 governing the forfeiture of items related to the possession or sale of drugs. Section 881(d) provides that the procedure for forfeiting property seized under that statute is the same as the procedure provided for by the customs laws, specifically, 19 U.S.C. § 1608.

In *Frimet v. United States*, 305 F.Supp. 975 (S.D.N.Y.1969), which involved the seizure of an automobile forfeitable under § 1608, this court held that where the petitioner had the right to prevent summary forfeiture by posting a bond and failed to do so, the court lacked jurisdiction to declare the seizure illegal.

Perez was not proceeding *in forma pauperis* when she filed a petition for remission. She was at the time, and still is, represented by counsel.

Accepting Perez's representation that she did not receive the Notice of Seizure until May 1992, and even assuming that her petition for remission was timely, Perez's failure to file a claim and cost bond deprives the court of jurisdiction to hear her claims for the return of her property.

Accordingly, Perez's causes of action of conversion and for replevin must be dismissed.

## III.

The Federal Tort Claims Act ("FTCA") provides that a suit for damages against the United States is the exclusive remedy for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1) (1993).

The Government moves to dismiss Perez's FTCA cause of action on the grounds that the Act exempts "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise *or any other law enforcement officer*" (emphasis added). 28 U.S.C. § 2680(c). The Government contends that the DEA agents who seized Perez's property are "law enforcement" officers covered by the exemption.

The Court of Appeals of this Circuit has not decided whether "any other law enforcement officer" includes non-customs or excise agents detaining property for reasons other than customs or tax collection. *Formula One Motors, Ltd. v. United States*, 777 F.2d 822, 823–24 (2d Cir.1985) (held that the detention of imported automobile by DEA agents fell within the scope of § 2680(c) because they were carrying out functions similar to those of customs agents, "without determining whether the exemption would apply to searches by law enforcement officers with no relationship to the customs or excise functions"). The Court noted that other circuits had decided the question, with scant discussion, and had reached different conclusions. The Supreme Court, in *Kosak v. United States*, 465 U.S. 848, 852 n. 6, 104 S.Ct. 1519, 1523 n. 6, 79 L.Ed.2d 860 (1984), declined to resolve the conflict, stating: "We have no occasion in this case to decide what kinds of law enforcement officers, other than customs officials, are covered by the exception."

The Government cites a lone district court case holding that "the question left unanswered in *Formula One Motors* ... should be answered in the affirmative." *Sterling v. United States*, 749 F.Supp. 1202, 1213 (E.D.N.Y.1990) (dismissing FTCA claim to recover money seized by DEA agents at La Guardia airport).

The plain language of § 2680(c) suggests that Perez's claim would be barred if it was premised on the alleged tortious conduct of the DEA agents in seizing and detaining her property. However, the question left unanswered by the higher courts need not be decided because Perez contends that her claim is not premised solely on the "detention" of property but "the fact that the plaintiff's property was forfeited without following

the proper procedures and giving the plaintiff notification of such forfeiture."

A claim that the DEA, through negligence and omission, prematurely forfeited her property without due notice, is not barred by § 2680(c). *Hatahley v. United States,* 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956). In *Hatahley,* federal agents impounded and destroyed plaintiffs' horses under the Taylor Grazing Act and the Federal Range Code, but did not give the plaintiffs the written notice required by the Code. The Supreme Court held that the agents' failure to give requisite notice is actionable under the Federal Tort Claims Act. *Id.* at 180, 76 S.Ct. at 751.

The significance of proper procedure in forfeiture cases is illuminated by the Supreme Court's decision in *United States v. Good,* — U.S. —, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), which held that the Due Process Clause of the Fifth Amendment requires that "individuals must receive notice and an opportunity to be heard before the Government deprives them of property." *Id.* at —, 114 S.Ct. at 498.

On summary judgment, the central fact in dispute is whether DEA forfeited Perez's property in accordance with the procedures prescribed by statute and required by due process, or whether the DEA was negligent in doing so. The DEA is mandated by statute to publish a notice of seizure and its intention to have the property forfeited. 21 C.F.R. § 1316.75. In addition, due process requires that the DEA give written notice of the seizure, together with information on the applicable procedures, to any known party that may have an interest in the property.

The Government has produced proof that it complied with the publication requirement. However, it has not produced conclusive proof that it properly notified Perez. The Government's submission includes a Notice of Seizure addressed to Perez dated November 18, 1991, but does not include a signed receipt showing that Perez had, in fact, received the Notice. Given Perez's sworn statement that she never received

such a Notice from DEA, a material fact dispute exists to preclude summary judgment.

\* \* \*

The Government's motion to dismiss the first and second causes of action for replevin and conversion is granted. The Government's motion for summary judgment on the third cause of action brought under the Federal Tort Claims Act is denied.

It is so ordered.