**UNITED STATES of America,**
**Libellant,**

v.

**ONE (1) 1950 BURGER YACHT, FLA.**
**REGISTRATION #FL5163BE,**
**Respondent.**

**No. 74-730-Civ-CF.**

United States District Court,
S. D. Florida.

June 10, 1975.

Robert W. Rust, U. S. Atty., for plaintiff.

David Karcher, Miami, Fla., and Williamson & Kermish, Atlanta, Ga., for defendant.

## ORDER

FULTON, Chief Judge.

This cause came before the Court upon the motion of Doyle Henderson to set aside default and for relief from judgment. This is a forfeiture proceeding, wherein the government sought and obtained a default judgment against the defendant vessel.

The gist of Henderson's motion to set aside default is that he is the owner of the defendant vessel, that he was never given notice of the forfeiture proceedings, and that he has meritorious defenses to the action. On May 2, 1975, this Court entered its Order requiring Henderson to file a statement of all defenses to the forfeiture proceeding, supported by citations to law. Henderson did not comply with the Court's Order, but merely filed a statement to the effect that the complaint failed to state a cause of action, that Henderson denies all guilt as contemplated in 49 U.S.C. § 782, and generally denying all material allegations of the complaint.

Examination of the file reveals that notice of this action was published according to law, and that copies of the complaint and warrant of arrest in rem were sent to one Jack Cutler, the registered owner of the vessel, and that these papers were returned as unclaimed. It further appears that the operator of the defendant vessel at the time of the seizure was one Darryl Forrester, who is in fact Doyle Henderson, the claimant. As such, Henderson had knowledge of the seizure.

Title 49 *United States Code* § 782 provides in pertinent part as follows:

> Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited: . . .. Provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State.

Title 49 U.S.C. § 782 clearly provides that a vessel used in violation of 49 U. S.C. § 781 *shall* be forfeited unless the owner establishes that the act constituting the violation was committed by a person other than the owner who acquired possession of the vessel in violation of the criminal laws of the United States. Once probable cause for the institution of the libel has been shown, the claimant bears the burden of proof of showing that the violation was committed while the vessel was unlawfully in the possession of one who acquired possession in violation of criminal law. *Associates Inv. Co. v. United States*, 220 F.2d 885 (5th Cir. 1955). The claimant has made no attempt to meet that burden. Indeed, it would be difficult to meet such a burden, since the claimant was on board the vessel when the marihuana was seized, and thus the vessel was in the possession of the owner, not one who acquired possession in violation of criminal law. While Henderson has denied all guilt, it is clear that under the laws the innocence of the owner is not a defense to a forfeiture action. *United States v. One Buick Riviera*, 493 F.2d 553 (5th Cir. 1974); *United States v.*

*One 1961 Cadillac*, 337 F.2d 730 (6th Cir. 1964). In the absence of any attempt to meet the burden of showing a valid defense to the forfeiture action, and since in any event the claimant had actual knowledge of the seizure, the motion to set aside default is without merit. It is thereupon

Ordered and adjudged that Henderson's motion to set aside default and for relief from judgment is denied.