**UNITED STATES of America, Plaintiff,**

v.

**ONE 1978 CHRYSLER LeBARON STATION WAGON VIN # FH45D8G278912, Defendant.**

No. CV–79–58.

United States District Court, E. D. New York.

Nov. 25, 1981.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Robert L. Begleiter, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Rocco J. Scalone, Corona, N. Y., for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This forfeiture proceeding arises out of *United States v. Robert Masucci and Robert Delligatte*, CR–78–553, wherein both defendants were convicted of conspiracy to possess with the intent to distribute cocaine (21 U.S.C. §§ 841(a)(1), 846) and possession with the intent to distribute cocaine (18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1)). The Government now brings this action (pursuant to 21 U.S.C. § 881(a)(4) and 49 U.S.C. § 782) to confiscate a 1978 Chrysler automobile that was used by the criminal defendants to facilitate the transportation, sale, receipt, possession or concealment of cocaine.

The automobile is owned by Ring Around The Collar Laundermat, Inc., claimant in this action, a corporation whose president and principal shareholder is Ralph Masucci, Robert Masucci's father. Ralph Masucci owns ninety (90) percent of the company's shares, with the remaining ten (10) percent divided evenly between his two sons, Robert and Richard.

The plaintiff now moves under Rule 56 of the Federal Rules of Civil Procedure for summary judgment. Since there are genuine issues as to material facts, the motion is denied.

## THE FACTS

On September 12, 1978, Drug Enforcement Administration ("DEA") agents observed the 1978 Chrysler sought to be seized in this action arrive in the vicinity of a residence at 75–18 Edsall Avenue, Queens, New York. The agents observed John Cataraso, a passenger, get out of the vehicle and walk over to the Edsall Avenue residence.

Ralph Delligatte, another passenger, and Robert Masucci, the driver, were identified as the other occupants of the vehicle. After discussing a sale of a kilogram of cocaine with a DEA agent, Cataraso left the residence and conversed with Delligatte and Masucci. Soon thereafter, Masucci and Delligatte left the area in the vehicle.

Early the next morning, the vehicle returned to the residence. Masucci parked the vehicle and Delligatte walked towards the residence. Several minutes later, Cataraso, who was inside the residence, entered another room in the residence and handed fourteen (14) ounces of cocaine to a DEA agent.

Cataraso and the DEA agent then met Delligatte and proceeded to go outside "to get the money". Delligatte and Cataraso were then placed under arrest. Although Masucci fled the scene, he was ultimately arrested. On December 14, 1978, Masucci and Delligatte were convicted of conspiracy to possess with the intent to distribute cocaine (21 U.S.C. §§ 841(a)(1), 846) and possession with the intent to distribute cocaine (18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1)). On May 18, 1979, by summary order, the United States Court of Appeals for the Second Circuit affirmed both convictions. *United States v. Masucci*, No. 79–1041, 79–1060 (2d Cir. 1979).

The claimant, Ring Around The Collar Laundermat, Inc. had bought the defendant motor vehicle in June, 1978. According to Ralph Masucci, the president of the claimant corporation, the vehicle was purchased to carry on the corporation's business. On the day the vehicle was seized, Robert Masucci was employed by the claimant corporation to operate, manage and conduct the claimant's laundromat business. The claimant alleges that as the manager of the claimant's business, Robert Masucci was authorized to use the vehicle only in the pursuit of the business of the claimant.

## THE LAW

■ An owner of a vehicle involved in an illegal transaction may forfeit the vehicle despite the owner's lack of direct, personal involvement in the illegal transaction. 21 U.S.C. § 881(a)(4). *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); *United States v. One 1973 Buick Riviera Automobile VIN # 4Y87U3H548756*, 560 F.2d 897 (8th Cir. 1977). *See also United States v. One 1974 Cadillac Eldorado Sedan, Serial No. 6L47S4Q407966*, 548 F.2d 421 (2d Cir. 1977). The owner may defeat the forfeiture if he establishes either "that the property subjected to forfeiture had been taken from him without his privity or consent, . . . . [or] that he was uninvolved in and unaware of the wrongful activity, [and] had done all that reasonably could be expected to prevent the proscribed use of his property . . ." *Calero-Toledo v. Pearson, supra* at 689, 94 S.Ct. at 2094. *See United States v. One 1974 Cadillac, supra* at 424; 21 U.S.C. § 881(a)(4)(A).

The forfeiture statute states:

no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any State. 21 U.S.C. § 881(a)(4)(B).

Although Robert Masucci was the manager of the claimant corporation and owned five (5) shares of the corporation, claimant has alleged that Robert Masucci's authorized use of the 1978 Chrysler was limited to official company business. Insofar as Robert Masucci was not conducting company business on the night of the illegal transaction, his use of the vehicle at that time may have been unauthorized and the possession of such vehicle may have been unlawful.

■ For an owner to sustain a defense to a forfeiture action based on unauthorized use of the vehicle, however, he has to establish not only that the user was in possession of the vehicle unlawfully, but in addition, he must show that the user acquired possession of the vehicle by a criminal act. *U. S. v. One Ford Truck Serial No. F25HRJ82180*, 346 F.Supp. 613 (S.D.Cal.1972). *See also United States v. One 1950 Burger Yacht, Florida Registration # FL5163BE*, 395 F.Supp. 802 (S.D.Fla.1975). Since the claimant states that it contacted the police at the 110th Precinct on September 13, 1978, and reported that the claimant's vehicle had been stolen, the lawfulness of the possession and acquisition of the vehicle must be resolved. *See* N.Y.Penal Law § 165.05 (McKinney 1975). Evidence as to the understanding between the claimant and Robert Masucci with respect to the custody and control of the vehicle must also be evaluated.

■ Because there are issues to be resolved concerning the lawfulness of Robert Masucci's possession of the vehicle on the night of the illegal transaction, I need not reach the question of whether the claimant took all reasonable steps it could have taken to prevent the proscribed act. I note, however, that the claimant admittedly knew of at least one of Robert Masucci's previous convictions and fails to allege that it took any precautions in light of this knowledge to prevent the criminal use of its vehicle.

The claimant has alleged sufficient facts to indicate that there are genuine issues to be resolved, and accordingly, the motion for summary judgment is denied.

SO ORDERED.