**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**$26,660 IN U.S. CURRENCY (Vincent Caci, Claimant), Defendant-Appellant.**

**No. 198, Docket 85–6154.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 4, 1985.

Decided Nov. 21, 1985.

Michael H. Ranzenhofer, Buffalo, N.Y. (Mattar, D'Agostino, Kogler & Runfola, of counsel), for defendant-appellant.

Martin Littlefield, (Asst. U.S. Atty. for the W.D.N.Y., Buffalo N.Y., Salvatore R. Martoche, U.S. Atty. for the W.D.N.Y., Joseph M. Guerra, III, Asst. U.S. Atty., of counsel), for plaintiff-appellee.

Before FEINBERG, Chief Judge, LUMBARD and WINTER, Circuit Judges.

PER CURIAM:

Vincent Caci, appellant-claimant in this in rem forfeiture action, appeals from an order of Chief Judge John T. Curtin of the United States District Court for the Western District of New York ordering the forfeiture of $26,660 to the United States government. In 1983, Caci crossed the Canadian border into the United States carrying that amount in American currency. At the border, officers of the United States Customs Service requested that Caci complete a form that asked whether he was carrying over $5,000 in currency. He filled out the form, answering this question in the negative. Customs officers then searched Caci, discovered the $26,660 on his person and seized the money. Caci was indicted and convicted under 18 U.S.C. § 1001 for willfully making false statements in completing the Customs form. This Court affirmed the conviction by order, and the Supreme Court denied appellant's petition for certiorari. 751 F.2d 372, (2nd Cir.) cert. denied, — U.S. —, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984). The government subsequently sought civil forfeiture of the currency pursuant to 31 U.S.C. § 5317(b) (now § 5317(c)). In the district court, Caci admitted that he had transported money from Canada into the United States. He attempted to show, however, that at the time he entered the United States he had been unaware of his obligation to report the currency. Judge Curtin nevertheless granted the government summary judgment and ordered the currency forfeited. This appeal followed.

At the time Caci crossed the border, 31 U.S.C. § 5316(a) provided that any person who "knowingly" transports currency in excess of $5,000 into the United States must file a report with the Secretary of the Treasury, and 31 U.S.C. § 5317(b) provided for forfeiture of such currency when the person importing it failed to file the required report. The parties dispute whether awareness of the reporting requirement is an element of a civil forfeiture action brought under section 5317. Authority exists on both sides of this question, which is as yet undecided by this court. Compare *United States v. $5393*, 583 F.Supp. 1447 (E.D.N.Y.1984) (awareness not required) and *United States v. $4,255,625.39*, 528 F.Supp. 969 (S.D.Fla.1981) (same) with *United States v. $24,900*, 770 F.2d 1530 (11th Cir.1985) (awareness required). Cf. *United States v. $6,700*, 615 F.2d 1, 3 (1st Cir.1980) (noting in context of estate's claim to currency carried into United States by administrator that "[t]he forfeiture provisions here are straightforward ... forfeiture is not tied to or dependent upon the wrongdoing of the owner of the monetary instruments.")

We find it unnecessary to decide this question. Appellant has admitted that he knew he was carrying over $5,000 into the United States and that he read the Customs form. However, he claims that he erroneously, but in good faith, thought that the question put to him was whether he was carrying over $50,000. But that factual issue was litigated in his criminal trial. The closing argument of appellant's counsel in that case, of which we may take judicial notice, was that Caci signed the form "believing that it said fifty thousand dollars." By its verdict, the jury decided the factual issue against him. Appellant is

estopped from relitigating the same question in this action. See *Emich v. General Motors Corp.*, 340 U.S. 558, 568, 71 S.Ct. 408, 413, 95 L.Ed. 534 (1951); *United States v. $31,679.59 Cash*, 665 F.2d 903 (9th Cir.1982). Accordingly, the government has demonstrated every element needed for forfeiture of the currency under section 5317.

The judgment of the district court is affirmed.