**UNITED STATES of America,**

**v.**

**ONE 1978 MACK GLIDER KIT TRACTOR, One 1967 Mack Tractor, One 1970 Mack Tractor—Joseph Swirsky, Claimant.**

**Civ. No. N–86–392 (PCD).**

United States District Court,
D. Connecticut.

Feb. 23, 1987.

Timothy C. Moynahan, Moynahan, Ruskin, Mascolo & Mariani, Waterbury, Conn., for claimant Joseph Swirsky.

Leslie C. Ohta, Asst. U.S. Atty., Stanley A. Twardy, Jr., U.S. Atty., New Haven, Conn., for U.S.

**RULING ON MOTION TO DISMISS**

DORSEY, District Judge.

Claimant, Joseph Swirsky, moves to dismiss plaintiff's complaint of forfeiture. This action was brought pursuant to 18 U.S.C. § 512(a), which provides, in relevant part:

If an identification number for a motor vehicle or motor vehicle part is removed, obliterated, tampered with, or altered, such vehicle or part shall be subject to seizure and forfeiture to the United States unless—

(1) in the case of a motor vehicle part, such part is attached to a motor vehicle and the owner of such motor vehicle does not know that the identification number has been removed, obliterated, tampered with or altered; ....

Claimant argues that the complaint should be dismissed on the ground that plaintiff

has not alleged that claimant *knew* of the alleged tampering. Plaintiff argues that claimant must allege lack of knowledge as a defense. Both parties have relied extensively on the legislative history and general principles of statutory construction as this is a case of first impression with regard to the interpretation of this statute.

*Discussion*

Title 18 U.S.C. §§ 511 and 512 were passed to deter and punish those who steal cars in order to resell them whole or disassemble them and sell the component parts ("chop shop operations"). Section 511(a) provides that "[w]hoever knowingly removes, obliterates, tampers with, or alters an identification number for a motor vehicle, or motor vehicle part, shall be fined not more than $10,000 or imprisoned not more than five years, or both." Clearly, § 511 was intended to be applied only to those who knowingly violated the Act. *See* Motor Vehicle Theft Law Enforcement Act of 1984, House Report No. 98–1087, *reprinted in* 1984 U.S.Code Cong. & Adm. News 4628, 4649–50. The legislative history, however, does not shed any light on the interpretation of § 512 except to note that that section was considered and passed along with § 511.

"[T]he basic nature of a forfeiture proceeding is *in rem*, reflecting the legal fiction that the [property] ... is guilty of facilitating [the crime or itself the fruit of the criminal enterprise]." *United States v. One Mercedes-Benz 380*, 604 F.Supp. 1307, 1312 (S.D.N.Y.1974), *aff'd without opinion*, 762 F.2d 991 (2d Cir.1985). Section 512 is closely analogous to 21 U.S.C. § 881(a)(4). Courts which have interpreted the latter statute uniformly hold that, once the Act has been shown to have been violated, "it is the claimant's burden to prove that the forfeiture does not fall properly within the Act." *United States v. One 1976 Buick Skylark*, 453 F.Supp. 639, 642 (D.Colo.1978); *One Mercedes-Benz 380*, 604 F.Supp. at 1311–12 (construing 21 U.S.C. § 881(a)(4); "Once the Government has established probable cause for seizure of the vehicle, the burden falls upon the claimant to show that the vehicle should be absolved from culpability, or establish that forfeiture is not properly within the forfeiture statute."). *Cf. United States v. One 1978 Chrysler LeBaron*, 531 F.Supp. 32, 34 (E.D.N.Y.1981) (construing 21 U.S.C. § 881(a)(4); *United States v. One 1976 Lincoln Mark IV*, 462 F.Supp. 1383, 1388 (W.D.Pa.1979) (construing 21 U.S.C. § 881(a)(4)). That the same burden should likewise be placed on claimant is particularly apparent by comparing the language used in § 511 with the language used in § 512. The former specifically provides that the government must prove a knowing violation of the Act; the latter does not. Had Congress intended that the government was obliged to prove a knowing violation before § 512 could be invoked, § 512 would have been cast exactly in the same language as § 511.

Accordingly, claimant's motion is denied.

SO ORDERED.