**UNITED STATES of America, Plaintiff,**

**v.**

**WHITE 1981 RACE CORVETTE WITH NO PUBLIC OR CONFIDENTIAL VEHICLE IDENTIFICATION NUMBERS ("VIN"); Burned 1978 Corvette with no Public Vin; Burned 1985 GMC Safari Van with no Public Vin; 1982 Datsun Truck Frame and Running Gear (No Body), with no Vin; Two (2) Black Quarter Body Panels from a Late Model Chevrolet Blazer or Ford Bronco no Identifying Numbers; Late Model Red Ford Mustang Parts, no Identifying Numbers; General Motors Corporation Eight (8) Cylinder Engine (Year Unknown) with Factory Serial Numbers Ground Off; 1984 Black and Silver GMC Pickup Truck with a Chevrolet Cab (Year Unknown) Displaying Public Vin 1GTGK24J6EF711505; and Jeep Scrambler (Year Unknown) with no Public Vin, Body Tag Identification Number From a 1977 Jeep J7F93AA080932 and a Confidential Frame Number BT005059, Defendants.**

Civ. No. S 87–747.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 26, 1989.

Thomas Plouff, Asst. U.S. Atty., South Bend, Ind., for plaintiff.

Robert M. Edwards, Jr., South Bend, Ind., for Hamilton Body Shop.

Tom Potter, South Bend, Ind., pro se claimant.

Dennis Podell, Leavenworth, Kan., pro se claimant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Plaintiff United States has motioned for partial summary judgment in its favor against claimants Tom Potter and Dennis Podell. This action involves a civil forfeiture proceeding pursuant to 18 U.S.C. § 512.[1] This court's jurisdiction is based

---

1. **§ 512. Forfeiture of certain motor vehicles and motor vehicle parts**

(a) If an identification number for a motor vehicle or motor vehicle part is removed, obliterated, tampered with, or altered, such vehicle or part shall be subject to seizure and forfeiture to the United States unless—

(1) in the case of a motor vehicle part, such part is attached to a motor vehicle and the owner of such motor vehicle does not know that the identification number has been removed, obliterated, tampered with, or altered;

(2) such motor vehicle or part has a replacement identification number that—

(A) is authorized by the Secretary of Transportation under the National Traffic and Motor Vehicle Safety Act of 1966; or

(B) conforms to applicable State law;

(3) such removal, obliteration, tampering, or alteration is caused by collision or fire or is carried out as described in section 511(b) of this title; or

(4) such motor vehicle or part is in the possession or control of a motor vehicle scrap processor who does not know that such identification number was removed, obliterated, tampered with, or altered in any manner other than by collision or fire or as described in section 511(b) of this title.

(b) All provisions of law relating to—

(1) the seizure and condemnation of vessels, vehicles, merchandise, and baggage for violation of customs laws, and procedures for summary and judicial forfeiture applicable to such violations;

(2) the disposition of such vessels, vehicles, merchandise, and baggage or the proceeds from such disposition;

(3) the remission or mitigation of such forfeiture; and

(4) the compromise of claims and the award of compensation to informers with respect to such forfeiture;

shall apply to seizures and forfeitures under this section, to the extent that such provisions are

on 28 U.S.C. §§ 1345 and 1355.[2] For reasons set forth below, plaintiff's motion for partial summary judgment is GRANTED.

## I.

A verified "Complaint for Forfeiture" was filed by plaintiff with this court on December 22, 1987. Five summonses were issued via certified mail, including one to Tom Potter, one to Hamilton Body Shop, Inc., and one to Dennis Podell, which notified parties named therein of their obligation to file with the Clerk of this court a verified claim within ten (10) days of service of the summons and to file an answer to the complaint within twenty (20) days thereafter. The summonses also stated that failure to do so would result in a default judgment in favor of plaintiff. The summonses were returned to this court executed as to Dennis Podell on December 28, 1987, as to Tom Potter sometime before December 24, 1987, and as to Hamilton Body Shop, Inc. on December 24, 1987. "A Warrant of Arrest *in rem*" was issued by this court on January 11, 1988, which ordered the United States Marshal for the Northern District of Indiana to take into custody the defendant property described in the complaint. Claims were filed with this court by Hamilton Body Shop, Inc. on January 4, 1988, by Dennis Podell on January 13, 1988 and by Tom Potter on January 14, 1988. Answers were filed by Hamilton Body Shop on January 13, 1988 and by

Dennis Podell on January 13, 1988. Tom Potter never filed an answer. The claim of Hamilton Body Shop was properly verified as required by Supplemental Rule C(6), Fed.R.Civ.P.[3] The claim of Tom Potter was not verified. Dennis Podell attempted to properly verify his claim but plaintiff challenged said verification. Podell later filed an amended claim with proper verification. Notice of the forfeiture proceeding was published in the South Bend Tribune as required by law for three (3) consecutive weeks starting January 19, 1988.

Plaintiff's initial motion for partial summary judgment was filed on June 23, 1988. Plaintiff at that time alleged that this court should grant said motion against claimants Podell and Potter because they had failed to follow the procedure outlined in Supplemental Rule C(6) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.). On July 8, 1988, plaintiff moved this court to defer ruling on its motion for partial summary judgment because it had discovered that the United States Marshal had never executed the warrants of arrest *in rem*. The warrants were soon executed and the legal notice procedure was repeated by means of newspaper publication for three (3) consecutive weeks beginning July 22, 1988. Plaintiff filed its second motion for partial summary judgment on August 23, 1988. Plaintiff's contention in this second motion was first, that it was entitled to summary judgment as against Tom Potter because

---

not inconsistent with this section. The duties of the collector of customs or any other person with respect to seizure and forfeiture under such provisions shall be performed under this section by such persons as may be designated by the Attorney General.

(c) As used in this section, the terms "identification number", "motor vehicle", and "motor vehicle scrap processor" have the meanings given those terms in section 511 of this title.

**2. (a) § 1345—United States as plaintiff.**

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized by Act of Congress.

**(b) § 1355—Fine, penalty or forfeiture.**

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or en-

forcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under Section 1582 of this title.

**3.** Rule C(6) states in part:

**(6) Claim and Answer; Interrogatories.** The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed, by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action....

Note that the Supplemental Rules for Certain Admiralty and Maritime Claims are applicable to this civil forfeiture action as discussed *infra*.

Potter failed to meet the procedural requirements of Supp. Rule C(6), Fed.R. Civ.P. and second, that it was entitled to summary judgment as against Dennis Podell on the merits. Plaintiff conceded that Podell had met the procedural requirements of Rule C(6). Podell has filed a response to the partial motion for summary judgment and plaintiff submitted its reply on November 1, 1988. On January 10, 1989, plaintiff moved this court to rule on its motion for partial summary judgment as soon as possible because the government is incurring bills of approximately $558.00 per month for storage of defendant property. This court agrees that the matter should be ruled upon at this time.

## II.

Because 18 U.S.C. § 512 is a relatively new statute (1984) with virtually no case law interpretation, this court will first discuss the statute as it relates to judicial forfeiture in general. Judge Flaum provided an excellent summary of a judicial forfeiture proceeding in *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208 (7th Cir.1985), which is set forth below:

A judicial forfeiture proceeding is a civil action *in rem*. The United States attorney for the district where the seizure occurred commences a judicial forfeiture proceeding by filing a complaint as described in Supplemental Rule C(2). The complaint must describe with reasonable particularity the property that is the subject of the action, must state the place of seizure, and must contain any allegations required by the statute pursuant to which the action is brought. *See* Fed.R.Civ.P., Supp. Rule C(2).

Upon the filing of a complaint, the clerk of the district court issues a warrant for the arrest of the property that is the subject of the action. *See* Fed.R. Civ.P., Supp. Rule C(3). By order of the court, the plaintiff then must publish notice of the action and arrest in a newspaper of general circulation in the district. The notice must specify the time within which an answer is to be filed as provid-

ed by Rule C(6). *See* Fed.R.Civ.P., Supp. Rule C(4).

Any claimant of property that is the subject of a judicial condemnation proceeding must file a claim within ten days after process has been executed or within such additional time as may be allowed by the court, and must file an answer within twenty days after the filing of the claim. *See* Fed.R.Civ.P., Supp. Rule C(6). The claim "shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." *Id.* Once the procedural requirements of Rule C(6) are met, a claimant has standing to defend the forfeiture.

█ *Id.* at 212–213. The Supplemental Rules for Certain Admiralty and Maritime Claims specifically apply to "the procedure in statutory condemnation proceedings analogous to maritime actions *in rem*, whether within the admiralty and maritime jurisdiction or not." Supp. Rule A, Fed.R. Civ.P. *See United States v. U.S. Currency in the Amount of $103,387.27*, 863 F.2d 555, 558 n. 4 (7th Cir.1988) *citing United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 210 n. 2 (7th Cir. 1985); *United States v. $5,372.85 U.S. Coin and Currency*, 283 F.Supp. 904, 905–06 (S.D.N.Y.1968) (discussing historical connection between actions in forfeiture and admiralty law). Therefore, the procedural requirements of Supp. Rule C(6), Fed. R.Civ.P., must be met by potential claimants in a § 512 forfeiture proceeding.

This court is aware of only one published opinion which has attempted an interpretation of Title 18 U.S.C. § 512, the statute on which plaintiff has based its cause of action. The case is *United States v. One 1978 Mack Glider Kit Tractor*, 653 F.Supp. 964 (D.Conn.1987), written by Judge Dorsey. He noted that the case was one of first impression and proceeded to write:

Title 18 U.S.C. §§ 511 and 512 were passed to deter and punish those who steal cars in order to resell them whole or disassemble them and sell the component parts ("chop shop operations").

Section 511(a) provides that "[w]hoever knowingly removes, obliterates, tampers with, or alters an identification number for a motor vehicle, or motor vehicle part, shall be fined not more than $10,-000 or imprisoned not more than five years, or both." Clearly, § 511 was intended to be applied only to those who knowingly violated the Act. *See* Motor Vehicle Theft Law Enforcement Act of 1984, House Report No. 98–1087, *reprinted in* 1984 U.S. Code Cong. & Adm. News 4628, 4649–50. The legislative history, however, does not shed any light on the interpretations of § 512 except to note that that section was considered and passed along with § 511.

"[T]he basic nature of a forfeiture proceeding is *in rem*, reflecting the legal fiction that the [property] ... is guilty of facilitating [the crime or itself the fruit of the criminal enterprise]." *United States v. One Mercedes–Benz 380*, 604 F.Supp. 1307, 1312 (S.D.N.Y.1974), *aff'd without opinion*, 762 F.2d 991 (2d Cir. 1985). Section 512 is closely analogous to 21 U.S.C. § 881(a)(4). Courts which have interpreted the latter statute uniformly hold that, once the Act has been shown to have been violated, "it is the claimant's burden to prove that the forfeiture does not fall properly within the Act." *United States v. One 1976 Buick Skylark*, 453 F.Supp. 639, 642 (D.Colo. 1978); *One Mercedes–Benz 380*, 604 F.Supp. at 1311–12 (construing 21 U.S.C. § 881(a)(4); "Once the Government has established probable cause for seizure of the vehicle, the burden falls upon the claimant to show that the vehicle should be absolved from culpability, or establish that forfeiture is not properly within the forfeiture statute."). *Cf. United States v. One 1978 Chrysler LeBaron*, 531 F.Supp. 32, 34 (E.D.N.Y.1981) (construing 21 U.S.C. § 881(a)(4)). That the same burden should likewise be placed on claimant is particularly apparent by comparing the language used in § 511 with the language used in § 512. The former specifically provides that the government must prove a knowing violation of the Act; the latter does not. Had Congress intended that the government was obliged to prove a knowing violation before § 512 could be invoked, § 512 would have been cast exactly in the same language as § 511.

The law of judicial forfeiture as described above must now be applied to plaintiff's partial summary judgment motion. Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *accord, Arkwright–Boston Mfg. Mutual Ins. Co. v. Wausau Paper Mills Co.*, 818 F.2d 591, 593 (7th Cir. 1987). A material question of fact is a question which will be outcome determinative of an issue in that case. *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir.1984).

Recently the Supreme Court of the United States took the opportunity to address Rule 56 of the Federal Rules of Civil Procedure. In two cases decided on the same day, the Court has expanded the scope of the application of Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

After *Celotex* it is clear that a non-moving party may not rest on its pleadings to avoid summary judgment. *Celotex*, 106 S.Ct. at 2554. *See also Catrett v. Johns–Manville Sales Corp.*, 826 F.2d 33 (D.C.Cir. 1987). The initial burden is on the moving party to demonstrate " 'with or without affidavits' " the absence of a genuine issue of material fact, and that judgment as a matter of law should be granted in the moving party's favor. *Id.* at 2553; *Arkwright–Boston, supra* at 593. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts

showing that there is a genuine [material] issue for trial.' " *Id.; Arkwright–Boston, supra* at 593. Further, in *Anderson,* the Court held that what facts are material in a specific case shall be determined by the substantive law controlling that case or issue. *Anderson,* 106 S.Ct. at 2510. In addition, the Court went on to interpret Rule 56 as requiring that the courts analyze summary judgment motions utilizing the standard of proof relevant to that case or issue. *Id.* at 2512–2513. For recent academic insight into *Celotex* and *Anderson, see* Childress, *A New Era For Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183–194 (1987). At page 194 thereof, the author states:

> "The recent Supreme Court cases likely require that summary judgment be more readily granted.... [T]his emerging trend signals a new era for summary judgments, one in which the old presumptions are giving way to a policy of balancing and efficiency, and the mechanism is more appropriate to double as a sufficiency motion—allowing some sort of trial itself on the paper record."

For the judicial epilogue of *Celotex, see Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33 (D.C.Cir.1987). A recent object lesson applying these ideas is found in *Richardson v. Penfold,* 839 F.2d 392 (7th Cir.1988).

### A. Potter's claim

Plaintiff first asks this court for summary judgment in its favor as against claimant Tom Potter. Potter's only filing in this case was a letter to this court dated December 29, 1987, and received January 14, 1988, which stated:

> Gentlemen:
>
> Please be advised that outstanding charges against a Jeep Scrambler (Year Unknown) with no public VIN, Body Tag identification number from a 1977 Jeep J7F93AA080932 and a confidential Frame Number BT 005059, as listed in the above referenced Summons, is as follows:

| | |
|---|---|
| Towing Charges for 6–12–86 | $ 80.00 |
| Storage Charges thru 12–28–87 | 2,830.00 |
| TOTAL AMOUNT DUE ............ | $2,910.00 |

\* \* \*

Potter did not retain an attorney to represent him in this proceeding.

Plaintiff contends that Potter's failure to follow the procedures outlined in Supp. Rule C(6) for claimants, precludes his right to recover on any otherwise valid claim he may have against defendant property. A Seventh Circuit opinion released just a few weeks ago which was written by Judge Manion, discussed the procedural requirements of Supp. Rule C(6) in detail. *See United States v. Currency, $103,387.27, supra.* In that opinion, the Court of Appeals reversed the district court's judgment insofar as it denied the claimants an extension of time to amend a defective claim, finding that the district court abused its discretion to permit the filing of an amended claim because the court did not consider some essential factors in its decision to deny same. The Court of Appeals made it clear that a technical defect such as failure to file a properly verified claim, though an essential requirement, should not be the sole basis for ruling against defendant, at least where the district court fails to consider particular factors in the case when it rules on the technicality. *Id.* at 562–63. In other words, the district court abuses its discretion when it denies a motion to amend a claim if it fails to consider the relevant circumstances of the case. Some factors which a district court should consider include:

1. Whether claimant has advised the court and government of his interest in the property before the claim deadline;
2. Whether the government would be prejudiced by allowing the late filing;
3. Whether there has been a good faith effort to comply with Rule C(6)'s requirements;
4. Any other relevant factors.

 *Id.* at 561. There is no question that Potter's letter does not comply with

the verification requirements of Rule C(6).[4] However, from an equitable standpoint, the letter served to put the government and this court on notice of Potter's interest. Technically, Potter missed the statutory deadline of ten (10) days.[5] On the other hand, the plaintiff initially failed to fully comply with all the procedures required when it did not execute the warrant. Plaintiff then had to repeat several procedural requirements due to the failure to execute the warrant. Therefore, this court cannot say that Potter's letter was untimely or that it did not put the plaintiff and this court on notice of Potter's interest.

Other factors, however, clearly lead this court to its conclusion that plaintiff's motion for summary judgment against Potter should be granted. First, in spite of the various pleadings and motions which Potter has received which made it clear that his letter was not procedurally adequate, he has never retained an attorney, nor has he even moved this court to grant an enlargement of time to amend the claim. Further, he has never responded to the summary judgment motion. In fact, the letter is the only document Potter has filed in this case. This court must assume Potter simply has no interest in pursuing the claim.

A second important factor which was stressed in *U.S. Currency, $103,387.27, supra,* is prejudice to the government. Giv-ing Potter another opportunity to file a procedurally correct claim would prejudice the government because every day this cause drags on, plaintiff's expenses grow. Plaintiff is currently incurring debts of over $500.00 per month on storage of the defendant property.

After evaluating the essential factors, this court finds that summary judgment for plaintiff against Tom Potter's claim for Potter's failure to comply with the procedural requirements of Supp. Rule C(6), Fed. R.Civ.P., is proper and is hereby GRANTED.

### B. Podell's Claim

As noted in *U.S. v. One 1978 Mack Glider Kit Tractor, supra,* once the Act (18 U.S.C. § 511) has been shown to have been violated, it is the claimant's burden to prove that the forfeiture proceeding under 18 U.S.C. § 512 does not fall properly within the Act.[6]

■ This court is wholly aware of the full and complete record in South Bend Criminal Number 86–90, *United States of America v. Dennis Podell,* and now takes full judicial notice thereof. Podell was convicted by a jury in this court on July 7, 1987, of, among other things, eleven counts of knowingly altering and/or removing vehicle identification numbers (VIN) num-

---

**4.** Rule C(6) requires "verification on oath or solemn affirmation" but offers no further guidance as to what constitutes a verified claim. If a district court's local rules do not specify what constitutes verification, the court looks to the law of the forum state for guidance. *U.S. Currency, $103,387.27,* at 559–60. No local rule addresses verification in the Northern District of Indiana. Indiana Trial Rule 11(B) states that the following language is sufficient:

> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.
> (Signed) ―――――

Indiana courts have held that a proper verification requires an actual swearing to the truth of the statements by the subscriber and that, at a minimum, the verification implicitly subjects the signer to penalties for perjury. *U.S. Currency, $103,387.27,* at 560.

**5.** Under Rule 6, Fed.R.Civ.P., the ten-day (10) period should be computed by counting ten days from December 22, 1987 (the day the sum-mons was mailed) not counting December 22 or December 25 or January 1 or any weekends and then adding three days. Rule 6(e), Fed.R.Civ.P. The filing date therefore should have been January 12, 1988. The letter was filed January 14, 1988. Compliance with a filing requirement is not satisfied by mailing the necessary papers within the alloted time; the papers must be *filed* by the date specified. *Lee v. Dallas County Bd. of Ed.,* 578 F.2d 1177, 1178 (5th Cir.1978); *Torras Herreria y Construciones v. M/V Timur Star,* 803 F.2d 215, 216 (6th Cir.1986).

**6.** The court noted that § 512 is closely analogous to 21 U.S.C. § 881(a)(4) and that courts which have intererpreted the latter statute uniformly hold that once the Act has been shown to have been violated, "it is the claimant's burden to prove that forfeiture does not fall properly within the Act," *citing United States v. One 1976 Buick Skylark,* 453 F.Supp. 639, 642 (D.Colo. 1978); *One Mercedes–Benz 380,* 604 F.Supp. 1307, 1311–12 (S.D.N.Y.1984), *aff'd without opinion,* 762 F.2d 991 (2d Cir.1985).

bers, thereby violating 18 U.S.C. § 511.[7] He now is claiming that the government did not have probable cause to seize the defendant property. He also claims that the property is not "contraband" as the government claims, but is his exclusive personal property. He alleges that the property does not fall within the forfeiture statute because he was a rebuilder and restorer of salvaged vehicles and therefore, he is excepted under 18 U.S.C. § 511(b)(1) and § 511(b)(2)(A) as one who is permitted to knowingly alter and/or remove VIN numbers in the course of his business, *as long as* he has no knowledge that the vehicle or part involved is stolen.

■ Podell's allegations do not preclude summary judgment. Contrary to Podell's contention, the government's verified complaint established probable cause to forfeit the defendant property. Podell, therefore, has the burden to (1) show that the property should be absolved from culpability, or (2) establish that forfeiture is not properly within the forfeiture statute. Podell has tried to meet this burden by alleging that certain of the vehicles and vehicle parts involved do not require VIN's either because they were parts which would not normally have a VIN (such as the two

black quarter body panels from a late model Chevrolet Blazer or Ford Bronco), or the car was self-assembled for off-road use and therefore not required by law to have numbers, or because he removed the VIN's legally under § 511. Podell's allegations are unsupported by any evidence. He has submitted no affidavits and there is no other evidence on file to support his allegations. A non-moving party to a summary judgment motion may not rest upon mere allegations nor upon conclusory allegations. *United States v. Lair*, 854 F.2d 233 (7th Cir.1988); *In the Matter of Morris Paint and Varnish Co.*, 773 F.2d 130, 136 (7th Cir.1985); *First Commodity Traders v. Heinhold Commodities*, 766 F.2d 1007, 1011 (7th Cir.1985). The non-moving party must set forth some evidence from which the court can reasonably infer that the party could produce some evidence at trial that supports his theory. *Morris Paint and Varnish Co.*, 773 F.2d at 136; *First Commodity Traders*, 766 F.2d at 1011. Podell has offered nothing but his bare allegations along with portions of the transcript of his criminal trial to support said allegations. Podell's attempts to relitigate issues upon which he has already been tried and convicted cannot succeed. Those

---

7. **§ 511. Altering or removing motor vehicle identification numbers.**

(a) Whoever knowingly removes, obliterates, tampers with, or alters an identification number for a motor vehicle, or motor vehicle part, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

(b)(1) Subsection (a) of this section does not apply to a removal, obliteration, tampering, or alteration by a person specified in paragraph (2) of this subsection (unless such person knows that the vehicle or part involved is stolen).

(2) The persons referred to in paragraph (1) of this subsection are—

(A) a motor vehicle scrap processor or a motor vehicle demolisher who complies with applicable State law with respect to such vehicle or part;

(B) a person who repairs such vehicle or part, if the removal, obliteration, tampering or alteration is reasonably necessary for the repair; and

(C) a person who restores or replaces an identification number for such vehicle or part in accordance with applicable State law.

(c) As used in this section, the term—

(1) "identification number" means a number or symbol that is inscribed or affixed for pur-

poses of identification under the National Traffic and Motor Vehicle Safety Act of 1966, or the Motor Vehicle Information and Cost Savings Act;

(2) "motor vehicle" has the meaning given that term in section 2 of the Motor Vehicle Information and Cost Savings Act;

(3) "motor vehicle demolisher" means a person, including any motor vehicle dismantler or motor vehicle recycler, who is engaged in the business of reducing motor vehicles or motor vehicle parts to metallic scrap that is unsuitable for use as either a motor vehicle or a motor vehicle part;

(4) "motor vehicle scrap processor" means a person—

(A) who is engaged in the business of purchasing motor vehicles or motor vehicle parts for reduction to metallic scrap for recycling;

(B) who, from a fixed location, uses machinery to process metallic scrap into prepared grades; and

(C) whose principal product is metallic scrap for recycling;

but such term does not include any activity of any such person relating to the recycling of a motor vehicle or a motor vehicle part as a used motor vehicle or a used motor vehicle part.

**880**

convictions preclude him from arguing that he lawfully removed VIN's in his capacity as a "rebuilder" of vehicles. *See United States v. $26,660 in U.S. Currency,* 777 F.2d 111, 113 (2d Cir.1985). His claim that he was a rebuilder and restorer of salvage vehicles is itself unsupported by any evidence of record in this case. The government has demonstrated every element needed for forfeiture of the defendant property under 18 U.S.C. § 512 and Podell's unsupported allegations (some of which have already been litigated), are not enough to show that a genuine material factual dispute exists which would be outcome-determinative to the issues in this case. Plaintiff is entitled to judgment as a matter of law because claimant has failed to bear his burden to prove that the forfeiture does not fall properly within the act, or that the property should be absolved from culpability. Summary judgment is therefore proper as against claimant Podell.

For the reasons set forth above, plaintiff's motion for partial summary judgment against claimants Dennis Podell and Tom Potter is GRANTED. IT IS SO ORDERED.