United States Court of Appeals,

Fifth Circuit.

No. 92-8293.

UNITED STATES of America, Petitioner-Appellee,

v.

1988 CHEVROLET SILVERADO, VIN: 1GCDC14H5JZ157972, et al., Respondent(s),

v.

Rodrigo RAMIREZ, Claimant-Appellant.

March 22, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before KING and WIENER, Circuit Judges, and ROSENTHAL[*], District Judge.

WIENER, Circuit Judge:

Today we address the question—res nova in this circuit—who bears the burden of proof once the government establishes probable cause to seize property in a civil forfeiture proceeding under 18 U.S.C. § 512, which codifies § 201 of the Motor Vehicle Theft Law Enforcement Act of 1984 (the "Act").[1] We conclude that such burden belongs to the claimant.

The district court here determined that once the government established probable cause warranting a seizure and forfeiture under § 512, Claimant-Appellant Rodrigo Ramirez had the burden of proving his "innocent owner" defense. After the government was successful in establishing probable cause, Ramirez failed to offer any evidence in support of his defense. Accordingly, the district court entered judgment ordering forfeiture to the government. As we agree that the plain language of § 512 mandates shifting the burden of proof to the claimant if the government first establishes probable cause, we affirm.

I

FACTS AND PROCEEDINGS

[*]District Judge of the Southern District of Texas, sitting by designation.

[1]Pub.L. No. 98-547, § 201, 98 Stat. 2754 (1984).

The facts of this case are essentially undisputed.[2] In December 1990, officers of the Texas Department of Public Safety ("DPS") received information from a confidential informant that Ramirez was trafficking in stolen motor vehicles and motor vehicle parts. Officers of the United States Border Patrol Service and the DPS were shown the location of a "salvage switch and chop shop" in Ojinaga, Mexico. At that location the officers observed several vehicles that had been purchased by Ramirez, as well as stolen parts containing vehicle identification numbers ("VINs") that had been tampered with—altered, obliterated, or removed. The investigation revealed that, under the direction of Ramirez, "new" vehicles were assembled in Ojinaga by installing such stolen parts in wrecked vehicles that Ramirez had purchased previously.

In May, 1991 officers of the Motor Vehicle Theft Service ("MVTS") of the DPS executed a search warrant on Presidio Truck Sales, which is owned by Ramirez, and on his residence. The officers seized eight vehicles, of which five are implicated in the instant appeal.[3] These vehicles had been altered as follows:

1. 1988 Chevrolet Silverado VIN: 1GCDC14H5JZ157972 Contained an engine and transmission that had been reported stolen.

2. 1988 Chevrolet 1500 Pickup VIN: 1GCDC14H4JZ169353 The Federal Safety Certification Sticker ("Nader Sticker") had been removed. In addition, the VIN on the chassis had been ground off and restamped using a factory die stamp.

3. 1989 Ford F-350 Pickup VIN: 1FTHF36GXKNB23382 The VIN on the frame had been ground off and restamped with another number. In addition, the door sticker was removed. Finally, this vehicle had been reported stolen in Mexico.

4. 1983 Chevrolet Silverado VIN: 1GCEC14H3DS106424 The VIN on the dashboard was counterfeit. Evidence also indicated that the Nader Sticker and the glove box sticker had been removed and tampered with.

5. 1988 GMC Cheyenne Pickup VIN: 1GTDC14Z9JZ557025 The Nader sticker had been

---

[2]The facts are drawn from the district court's findings of fact, which in turn are derived from testimony by the government witness at trial. Ramirez chose not to attempt to rebut this testimony. On appeal, Ramirez merely attempts to dispute the inferences to be drawn from these findings.

[3]As to the other three vehicles, Oliva C. Molinar filed a claim for the 1982 Chevrolet Silverado with VIN: 1GCDC14H9CS173149 while Fabian Espudo filed a claim for the 1988 Chevrolet Short Stepside with VIN: 1GCDC14K7J160299. Both Molinar and Espudo have been dismissed from this appeal for failure to prosecute. No one filed a claim for the third vehicle, the 1989 Chevrolet Silverado with VIN: 1GCDC14K7KZ233009.

removed and replaced. In addition, the engine and transmission VINs (which indicated that they came from a stolen pickup) differed from the one on the chassis.

In June 1981, the Federal Bureau of Investigation acquired the eight vehicles for forfeiture pursuant to 18 U.S.C. § 512, and published the notice of seizure as required by law. Ramirez responded by filing claims on these vehicles.

At the bench trial, the government produced Archie Blackwell, an investigator with the MVTS, as a witness. Blackwell testified to the foregoing information, including the descriptions of the alterations he discovered while inspecting the seized vehicles.

The district court concluded that the government had established probable cause to seize the vehicles. In response, Ramirez offered only his verified complaint, which contained proofs of ownership of the seized vehicles. Ramirez presented no evidence, however, regarding any defenses. Consequently, the district entered judgment ordering forfeiture of the seized vehicles to the government, and Ramirez timely appealed.[4]

II

ANALYSIS

The Act was passed for the express purpose of impeding motor vehicle thefts and reducing opportunities for exporting or importing stolen motor vehicles.[5] In particular, Congress here targeted "chop shops"[6]—illicit operations in which vehicles are dismantled to acquire their component parts—in an effort to stem the export of stolen vehicles from the United States to geographic problem spots, such as the border area of Mexico.[7]

---

[4] Ramirez failed to file a supersedeas bond, which has led to the release of the seized vehicles to the government. Such failure to file the bond for the appeal of this civil forfeiture proceeding does not, however, divest this court of jurisdiction to hear this appeal. *See Republic Nat'l Bank v. United States,* --- U.S. ----, ----, 113 S.Ct. 554, 557-60, 121 L.Ed.2d 474, 482-84 (1992) (holding that failure to file a supersedeas bond does not divest an appellate court of jurisdiction, as control over the res is only required at the *initiation* of civil forfeiture proceedings), *overruling United States v. $79,000 in United States Currency,* 801 F.2d 738, 739 (5th Cir.1986).

[5] 98 Stat. 2754.

[6] H.R.Rep. No. 98-1087, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.C.C.A.N. 4628, 4629-31.

[7] *Id.*

Congress hoped to accomplish these goals by authorizing the identification of principal parts of motor vehicles, and by imposing criminal penalties and civil forfeitures on persons found in violation of the Act.[8]  The principal enforcement provisions are included in § 201 of the Act:  The criminal provision was codified at 18 U.S.C. § 511, the civil forfeiture provision at 18 U.S.C. § 512.

A. *Burdens of Proof in a Forfeiture Proceeding Under § 512*

Section 512 provides in pertinent part that:

If an identification number for a motor vehicle or motor vehicle part is removed, obliterated, tampered with, or altered, such vehicle or part shall be subject to seizure and forfeiture to the United States unless—

(1) ... the owner of such motor vehicle does not know that the identification number has been removed, obliterated, tampered with, or altered;[9]

The district court adopted the approach used for other forfeiture statutes and by the only other courts—both district courts[10]—to consider this issue:  Once the government establishes probable cause to seize a vehicle for forfeiture under § 512, the burden shifts to the claimant to prove a defense to that forfeiture.  We agree with the district court.

When we turn to the statutory text we see that § 512 further provides that "[a]ll provisions of law relating to ... the seizure and condemnation of ... vehicles ... for *violation of the customs laws,* and procedures for summary and judicial forfeiture applicable to such violations ... shall apply to seizures and forfeitures under this section, to the extent that such provisions are not inconsistent with this section."[11]  Virtually identical language is contained in the civil drug forfeiture statute[12] and in the

---

[8]Pub.L. No. 98-547, §§ 101 & 201, 98 Stat. 2754.  Section 101 authorizes the Secretary of Transportation to promulgate rules regarding the addition of identifying numbers to major component parts of motor vehicles.

[9]18 U.S.C. § 512.  Section 512 also contains various other defenses, such as a "collision or fire" defense for changes to identification numbers caused by such collisions or fires.

[10]*United States v. One 1978 Mack Glider Kit Tractor,* 653 F.Supp. 964, 965 (D.Conn.1987); *United States v. White 1981 Race Corvette,* 704 F.Supp. 872, 876, 879 (N.D.Ill.1989).

[11]18 U.S.C. § 512(b) (emphasis added).

[12]*See* 21 U.S.C. § 881(d).

statutes applicable to the forfeiture of vessels and vehicles used to transport contraband.[13]

The inclusion of such essentially identical language in statutes passed from the late-1930's[14] to the mid-1980's confirms that Congress indeed had something specific in mind when it referred to "customs laws."[15] A reading of Title 19—"Customs Duties"—reveals that in 1930 Congress passed the Tariff Act,[16] which contains detailed provisions relating to the seizure and forfeiture of property.[17] In particular, Title 19, section 1615 (codifying section § 615 of the Tariff Act) addresses precisely the core issue of the instant case. Section 1615, "Burden of Proof in Forfeiture Proceedings," provides in pertinent part that:

> In all suits or actions ... brought for the forfeiture of any vessel, vehicle, ... under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, *the burden of proof shall lie upon such claimant; ...* Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged by the court ...[18]

From the foregoing statutory analysis, we conclude that the plain language of § 512 incorporates the burden of proof provision of § 1615 of the "customs laws"; specifically, that after the government establishes probable cause to seize and claim forfeiture of a vehicle under § 512, the burden shifts to the claimant to prove entitlement to a valid defense to that forfeiture.

Our conclusion that § 512 incorporates the standards contained in § 1615 is reinforced by jurisprudence that addresses statutes with language virtually identical to § 512. In *United States v. One 1971 Chevrolet Corvette Auto,*[19] we concluded that the burdens of proof contained in § 1615

---

[13]*See* 49 U.S.C. §§ 781-84.

[14]The forfeiture statutes applicable to the transportation of contraband were passed in 1939. *See* 53 Stat. 1292.

[15]It is not surprising that Congress referred to customs laws to provide the procedures and standards applicable to civil forfeitures. Customs laws providing for such forfeitures, and, in particular customs laws providing for the procedures applicable to such forfeitures, have existed since at least 1799. *See* Act. of Mar. 2, 1799, §§ 84, 88-91, 1 Stat. 694-96.

[16]Tariff Act of 1930, 46 Stat. 757.

[17]These provisions are codified at §§ 1581-1654 of Title 19. 19 U.S.C. §§ 1581-1654.

[18]19 U.S.C. § 1615 (emphasis added).

[19]496 F.2d 210 (5th Cir.1974).

are applicable to the statutes for forfeiture of vehicles used to transport contraband.[20] And in *United States v. $2500 in United States Currency*,[21] the Second Circuit observed that the burden-shifting approach applicable to the civil drug forfeiture statute is likewise derived from § 1615.

B. *Probable Cause for a Forfeiture Under § 512*

Ramirez does not directly attack the burden-shifting approach in § 512 and § 1615. Instead, he mounts an indirect challenge by arguing that the government had to establish probable cause that he *knowingly* removed, tampered with, or otherwise altered a vehicle identification number, or that he knew the vehicle was stolen.[22] We find this argument to be meritless.

As noted, § 512 provides that if an identification number for a motor vehicle or motor vehicle part is removed or altered, then "such vehicle or part *shall be subject to seizure and forfeiture to the United States....*"[23] This operative provision of § 512—unlike the criminal counterpart of § 511—contains no reference to a "knowing" removal or alteration. Instead, section 512 contains an "innocent owner" defense: The vehicle shall not be subject to forfeiture if the "owner of the motor vehicle does not know that the identification number has been removed, obliterated, tampered with, or altered."[24]

The attempt by Ramirez to incorporate a scienter requirement into the probable cause standard of § 512 is nothing more than an effort to subvert the burden-shifting approach discussed above: By placing the burden on the government to show a knowing violation, Ramirez would be switching the burden of proof regarding knowledge from the claimant—who, to establish his

---

[20]*Id.* at 212 (citing 19 U.S.C. § 1615).

[21]689 F.2d 10, 12 (2d Cir.), *cert. denied,* 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984).

[22]Ramirez makes no claim that the seizure and forfeiture here fail to comport with due process. *Cf., United States v. James Daniel Good Real Property,* --- U.S. ----, ---- - ----, 114 S.Ct. 492, 500-03, 126 L.Ed.2d 490 (1993) (holding that Due Process Clause applies to seizures for civil forfeitures and indicating that the general prohibition against governmental action absent predeprivation notice and hearing applies to such seizures).

[23]18 U.S.C. § 512(a) (emphasis added).

[24]18 U.S.C. § 512(a)(1).

"innocent owner" defense, must show that he did not know of any alteration or removal—to the government, which would then have to show subjectively that the claimant had actual knowledge of the alteration or removal. Such a requirement would not only be difficult to meet, but would also be inconsistent with the jurisprudence regarding civil forfeitures[25] and with the plain language of § 512 and § 1615.

C. *Application*

Application of the requisite burdens of proof to the instant case is straightforward. We have consistently defined probable cause for civil forfeitures as "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion."[26] The district court found that each of the seized vehicles bore altered identification numbers. In addition, each had alterations that were inherently suspicious: The 1988 Chevrolet 1500 Pickup and the 1989 Ford F-350 Pickup had VINs that had been ground off and restamped; the 1988 Chevrolet Silverado and the 1988 GMC Cheyenne Pickup contained engines and transmissions with VINs indicating that these engines and transmissions had been stolen; and the 1983 Chevrolet Silverado had a VIN plate on the dash that was counterfeit. Finally, the government adduced testimony at trial that these vehicles were part of the inventory of a "salvage and chop shop" operation purportedly run by Ramirez. From the totality of these facts, we conclude that the district court did not err in finding that the government established probable cause warranting seizure and forfeiture under § 512.

In response to the government's probable cause evidence, Ramirez offered only a verified complaint that included proofs of ownership for the seized vehicles. He made no attempt whatsoever

---

[25]*E.g., Mack Glider,* 653 F.Supp. at 965 (placing burden on claimant to show that he did not have knowledge under § 512); *United States v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994, 999 (5th Cir.1990) (claimant can avoid forfeiture under the civil drug forfeiture statute, 18 U.S.C. § 881(d)(7), if she proves that the illegal acts were committed without her knowledge or consent).

[26]*E.g., United States v. One 1978 Chevrolet Impala, etc.,* 614 F.2d 983, 984 (5th Cir.1980) (stating same for forfeiture under 21 U.S.C. § 881); *United States v. One 1975 Ford Pickup Truck, etc.,* 558 F.2d 755, 756 (5th Cir.1977) (stating same for forfeiture under 49 U.S.C. §§ 781-84); *One 1971 Chevrolet Corvette Auto,* 496 F.2d at 212 (same); *see also Lot 9, Block 2 of Donnybrook Place,* 919 F.2d at 997-98 (stating that government establishes probable cause warranting forfeiture of a house under 21 U.S.C. § 881 when it proves "reasonable grounds for believing that the house was used for illegal purposes.").

to prove any defense, such as an "innocent owner" defense. Thus, the district court committed no error in concluding that the government was entitled to a judgment ordering forfeiture, which the court entered accordingly.

### III

### CONCLUSION

The purpose of the Act is to eliminate, *inter alia,* precisely the type operation involved in the instant case: The theft and export of American motor vehicles and motor vehicle parts to Mexico to be reassembled there at "chop and salvage shops." The civil forfeiture provision of the Act is a potentially potent weapon for use in the battle to eliminate such operations.

As we determine that the district court correctly placed the burden on Ramirez to establish an "innocent owner" defense, we conclude that the judgment of the district court should be and is, AFFIRMED.