UNITED STATES of America,

v.

The PREMISES AND REAL PROPERTY WITH ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS, LOCATED AT 509 RASPBERRY PATCH DRIVE, ROCHESTER, NEW YORK, that is, all that tract or Parcel of Land, Situated in the Town of Greece, County of Monroe, and State of New York, and More Particularly Described in a Certain Deed Recorded in Liber 11205 of Deeds at Page 597 in the Monroe County Clerk's Office, Defendant.

No. 6:14–CV–6673 EAW.

United States District Court, W.D. New York.

Signed July 29, 2015.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### INTRODUCTION

The United States of America brought this action *in rem* for the forfeiture of certain premises and real property pursuant to 18 U.S.C. § 981(a)(1)(C). (Dkt. 1). Presently before the Court is the Government's motion to strike the claim of Mark K. Saile ("claimant"), pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Marine Claims and Asset Forfeiture Actions (the "Supplemental Rules"). (Dkt. 15). Because claimant does not have statutory standing to pursue his claim, the Government's motion to strike is granted.

### PROCEDURAL HISTORY

The Government filed its verified complaint on December 3, 2014, seeking forfeiture of real property located at 509 Raspberry Patch Drive (hereinafter "the property"). (Dkt. 1 at ¶ 3). The complaint alleges that the property was purchased with money illegally obtained by claimant and was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). (*Id.* at ¶¶ 4–19). On December 15, 2014, the Government moved for a post-complaint restraining order (Dkt. 4), which the undersigned granted on December 29, 2014 (Dkt. 7). On January 15, 2015, the Court granted a request by the Federal Public Defender's Office for the Western District of New York, to represent claimant in asserting a claim to the property.[1] (Dkt. 10). Claimant filed a notice of claim on January 16, 2015. (Dkt. 11). On February 5, 2015, the parties stipulated to ex-

Grace M. Carducci, U.S. Attorney's Office, Rochester, NY, Richard D. Kaufman, U.S. Attorney's Office, Buffalo, NY, for Plaintiffs.

---

1. Claimant was also charged in a criminal indictment in Case No. 15–CR–6036CJS, on March 19, 2015. (Case No. 15–CR–6036, Dkt. 7). The indictment was dismissed upon motion by the Government on April 8, 2015. (*Id.*, Dkt. 11 & 13).

tend claimant's time to file an answer to the complaint until April 6, 2015. (Dkt. 12 & 13).

█ On March 26, 2015, the Court received a letter from Anne M. Burger, Assistant Federal Public Defender, reporting that claimant was recently deceased.[2] (Dkt. 15–1 at 2). Thereafter, on May 18, 2015, the Government wrote a letter to Nora Saile, claimant's wife, informing her that as the executor of claimant's estate, she had the option to "step into [claimant's] shoes" and continue pursuing the claim to the property. (Dkt. 15–2 at 2). The Government also directed Ms. Saile to file documentation with the Court indicating her intention to act as a claimant no later than June 8, 2015. (Id.). The letter stated that if nothing was filed by that date, the Government would continue toward forfeiture of the property. (Id.).

On or about May 28, 2015, Ms. Saile contacted the United States Attorney's Office and spoke with paralegal Michelle McCreedy. (Dkt. 15 at ¶ 12). Ms. Saile stated that she would not be pursuing any claim to the property. (Id.).

On June 9, 2015, the Government filed the instant motion to strike (Dkt. 15), copies of which were sent to Nora Saile (id. at 17). The Court set a scheduling order for the filing of any response by June 29, 2015, and a copy of the order was sent to Ms. Saile. (Dkt. 16). No response has been filed to date, and the time to answer has not been further extended by the Court or by stipulation of the parties.

---

**2.** "[C]ivil forfeiture proceedings do not abate after the death of the property owner." *S.E.C. v. Wyly*, 860 F.Supp.2d 275, 281 (S.D.N.Y.2012).

**3.** Rule G(5)(b) governing statutory standing was previously codified at Rule C(6). *See United States v. Real Prop. Located at 17 Coon Creek Rd.*, 787 F.3d 968, 972 (9th Cir.2015).

## DISCUSSION

█ The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, governs all *in rem* civil forfeiture proceedings commenced on or after August 23, 2000. *Centeno v. United States*, No. 05 Civ. 8794(RMB)(GWG), 2006 WL 2382529, at *2–3, 2006 U.S. Dist. LEXIS 57393, at *7 (S.D.N.Y. Aug. 17, 2006). A judicial forfeiture proceeding is an action *in rem* and the Supplemental Rules apply to actions *in rem*. *See* Fed.R.Civ.P., Supp. Rule A(1)(B); *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 212 (7th Cir.1985).

█ Supplemental Rule G(5)(a)(i) requires that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Fed.R.Civ.P., Supp. Rule G(5)(a)(i).[3] "In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir.1999). As further explained by one court:

[t]o pursue a claim, the claimant must demonstrate, in addition to the usual requirement of establishing Article III standing, *see Clapper v. Amnesty Int'l USA*, —— U.S. ——, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013), compliance with "the jurisdictional procedural requirements" set forth in Supplemental

---

In December 2006, Rule C(6) was amended, and parts of Rule G were newly created to govern these types of forfeiture proceedings. *United States v. 479 Tamarind Drive*, No. 98 Civ. 2279(DLC), 2011 WL 1045095, at *2 n. 1, 2011 U.S. Dist. LEXIS 28855, at *4 n. 1 (S.D.N.Y. Mar. 11,2011).

Rule G(5). *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1126 (9th Cir.2004). Many courts refer to the latter as "statutory standing" and have held that it is established through compliance with Rule G. *United States v. Real Prop. Located at 17 Coon Creek Rd.*, 787 F.3d 968, 973–74 (9th Cir.2015); *see also United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1262 (2d Cir. 1989) (distinguishing between "Article III standing, which requires the claimant to demonstrate a sufficient interest in the property to create a 'case or controversy' in the constitutional sense," and "statutory standing, which requires the claimant to comply with certain procedural requirements. . . .").

A claimant bears the burden of establishing standing. *Mercado v. U.S. Customs Svc.*, 873 F.2d 641, 644 (2d Cir. 1989). If the claimant fails to comply with the procedural requirements of filing a claim or lacks standing, the government may move to strike the claim or answer. *See* Fed.R.Civ.P., Supp. Rule G(8)(c)(i). "While lack of statutory standing can be excused at the sound discretion of the trial judge, Article III standing is a prerequisite for a court to attain subject matter jurisdiction over a matter." *United States v. $138,381.00 in U.S. Currency*, 240 F.Supp.2d 220, 227 (E.D.N.Y.2003) (citing *4492 S. Livonia Rd.*, 889 F.2d at 1262).

Strict compliance with the Supplemental Rules is generally required, *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir.1993), and a claimant's failure to comply with the procedural filing requirements may result in a loss of standing to contest a claim, *see Cambio Exacto, S.A.*, 166 F.3d at 526 (claimant who fails to meet specified time deadlines in Supplemental Rules lacks statutory standing); *United States v. $27,601.00 U.S. Currency*, 800 F.Supp.2d 465, 467 (W.D.N.Y.2011) ("Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing."); *United States v. 479 Tamarind Drive*, No. 98 Civ. 2279(DLC), 2011 WL 1045095, at *3, 2011 U.S. Dist. LEXIS 28855, at *8 (S.D.N.Y. Mar. 11, 2011) ("When a claimant fails to file an answer, he or she does not have statutory standing to bring a claim.").

Here, the Government challenges the claimant's statutory standing due to the failure to comply with the requirements of Rule G(5)(b). (Dkt. 15 at 1). Supplemental Rule G(5)(b) requires that a claimant in an *in rem* forfeiture action "must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." *See* Fed.R.Civ.P., Supp. Rule G(5)(b).

Claimant filed his claim on January 16, 2015. (Dkt. 11). In accordance with Rule G(5)(b), claimant was required to file an answer by February 6, 2015. On February 5, 2015, claimant obtained an extension to file an answer by April 6, 2015. (Dkt. 12 & 13). Claimant has not filed an answer to date, and claimant's wife and executor has failed to pursue the claim, despite being informed of her right to do so. (Dkt. 15–2 at 2).

The Court is cognizant that where "a claimant has made a sufficient showing of interest in the property through filing with the court a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused." *4492 S. Livonia Rd.*, 889 F.2d at 1262; *see also United States v. $541,395.06 U.S. Currency*, No. 10–CV–6555–CJS, 2012 WL 3614294, at *3, 2012 U.S. Dist. LEXIS 118167, at *9 (W.D.N.Y. Aug. 21, 2012) ("a court has the discretion to excuse a missed deadline if the claimant can show 'excusable ne-

glect.' ") (citation omitted). However, Ms. Saile has not made a motion and/or provided an affidavit demonstrating her interest in the property, despite being given the opportunity to do so. *See United States v. U.S. Currency in the Amount of $19,780.00*, No. 02–CV–3793, 2007 WL 1658676, at *3–4, 2006 U.S. Dist. LEXIS 96238, at *10 (E.D.N.Y. June 5, 2007) (striking answer where claimant never opposed or otherwise responded to the Government's letter or motion regarding her failure to file a claim). In fact, by all indications, Ms. Saile is not interested in pursuing any claim to the property. (Dkt. 15 at ¶ 12 ("On or about May 28, 2015, Nora Saile called the United States Attorney's Office and spoke with Contract Paralegal, Michelle McCreedy. Ms. Saile stated that after consideration, she will not be pursuing Mark Saile's claim to the defendant property.")). Accordingly, claimant lacks statutory standing to file a claim to the property, and his claim (Dkt. 11) is stricken from the docket.

### CONCLUSION

For the foregoing reasons, the Government's motion to strike claimant's claim is granted. The Clerk of Court is directed to strike the claim (Dkt. 11) from the docket.

SO ORDERED.